No. 7.—JOHN D. HOWELL, plaintiff in error, *vs.* THE STATE OF GEORGIA, defendant.

[1.] This Court will control the discretion of the Court below, in refusing to grant a continuance in a criminal cause, where in its judgment, there has been a flagrant abuse of such discretion, or manifest injustice done the defendant, by such refusal.

[2.] Where the defendant, on his trial for an assault with intent to murder, proposed to ask a witness "if he did not know that Dill (the party assaulted) had

threatened to drive the defendant from the place or take his life," it *was held* to be competent evidence to be submitted to the jury for their judgment under the statute, either as a justification or to rebut the presumption of malice.

Indictment for an assault with intent to murder, in Early Superior Court. Tried before Judge WARREN, April Term, 1848.

The defendant was indicted at the April term of the Superior Court, held in and for the county of Early, for an assault with intent to murder John Dill. The cause came on for trial the next day after the bill of indictment was found by the Grand Jury, when the defendant moved the Court for a continuance of his cause, upon the several grounds stated in his written affidavit, to wit : " That he was not ready for trial, because of his close confinement in custody since the commission of the crime imputed to him, and that he had not been able to subpoena witnesses, or procure testimony material for his defence ; that the bill was returned into Court on yesterday, and that he has not been advised sufficiently long as to what offence would be imputed to him; that he cannot go safely to trial, until he can collect and prepare his testimony, which he has not been enabled to do at the present term of the Court ; and he further states, that he had employed Judge Colquitt to defend him in another prosecution instituted against him at the last term of the Court, and had the assurance of said Colquitt, that he would be certain to attend upon this Court ; that on the arrival of John Schley, Esq. at this term of the Court, he is advised by said Schley, that Judge Colquitt was in Columbus, on his way to this Court; that expecting his arrival, he had calculated on obtaining his services in the defence of this prosecution also ; that his means are limited, and having secured the services of Judge Colquitt, and not doubting that he would attend upon this Court, he has not as yet procured the services of such other counsel as would justify him in going to trial at this time ; that he does not make this shewing for delay, but for the purpose of getting a fair trial, and such justice as he humbly contends he is entitled to receive at the hands of the Court and country. Deponent further states, that he cannot go safely to trial, because such is the excitement in the public mind, and so excited is public feeling at this time against him, as he has been advised and believes, that he has more to fear, and does

fear, that he cannot obtain a fair trial." The Court overruled the defendant's motion for a continuance, and ordered the trial to proceed; whereupon the defendant, by his counsel, excepted. In the progress of the trial, the defendant proposed to ask Christopher Green, a witness, the following question : "Do you know, whether Genl. Dill made any threats to drive prisoner from the place, or to take his life ?" Which question, the Court refused to be asked the witness; whereupon, the defendant excepted, and now assigns the same for error in this Court.

COLQUITT & WELLBORN, for plaintiff in error, submitted—

That two grounds of error were assigned in the bill of exceptions before the Court, viz :

1st. The overruling the motion made by plaintiff in error, for a continuance of the prosecution for the term at which the trial and conviction complained of, were had.

2d. The improper rejection of evidence, offered by the accused on the trial. This Court having decided, in the cases of *Sealy vs. the State*, 1 *Kelly*, 213, *and Daniel McDougald vs. the Central Bank*, 3 *Kelly*, 185, "that the improper granting or refusal of a continuance, is ground for a writ of error," it only remains, in respect of this point in the cause, to inquire whether the reason assigned in support of the motion for a continuance, by Howell, was a valid one in law.

The record shows, that a few days only transpired between the date of the alleged offence, and the delivery of the verdict. The oath of the movant was for the continuance, to the effect, that the prejudices of the community by whom the case was to be tried, were so inflamed by reason of the recent date of the act for which the prosecution was instituted, and the representations given of it, that he believed it impossible for him to have, if then tried, an impartial hearing.

No crime so thoroughly arouses the passions and resentments of society, as that for the attempt to commit which, Howell was about to be put upon his trial. Additionally, the mode charged of the attempt, was an aggravated one, viz : by *shooting*. There is no difficulty, then, in believing the truth of the statement, made in the motion to continue, aside from the oath of the party. Can the rejection of an uncontradicted shewing like that, be justified

by a tribunal, one of the cardinal rules of whose government is, that the accused is entitled to a " fair and impartial trial ?" The motion too, was fortified by the absence of original or leading counsel. Of such stress in the eye of the law, as is known to this Court, is this fact of public prejudice against an accused, that the right of parties, particularly in criminal cases, to change the *venue* or *locus* of trial, even on affidavit, is a very common provision of law. Such has long been the case in many of our sister States, and only a few years have elapsed, since an amendment of our State Constitution, with a view to the introduction of a similar provision into our law, came well nigh being adopted. I refer to what is matter of history.

Again, the 17th section of the 14th division of the Penal Code, (*see Prince,* 660,) very plainly indicates the legal validity of the motion under review. " Every person against whom a bill of indictment is found, shall be tried at the term of the Court at which the indictment is found, unless the absence of a material witness or witnesses, or *the principles of justice should require a postponement of the trial,* and then, the Court *shall allow a postponement of the trial,* until the next term of the Court ; and the Court shall have power to allow the continuance of criminal causes from term to term, as often as the principles of justice may require, upon sufficient cause shewn on oath." Can it be said to consist with the principles of justice, to try one in circumstances in which it is shown to the Court, that a " fair and impartial trial " cannot be had ? And the cause finally, in the language of the Act, was " shown on oath."

2. The proof of the receipt of notice by Howell, of the use of threats on the part of Dill, the assaulted party, implying purposes respecting Howell, of the violent and deadly nature indicated, was improperly rejected on the trial. It should have been allowed, in explanation of the relations of animosity existing between the parties to the assault, and as tending to show that Howell acted, or may have acted, in the attack on Dill, upon the suggestions of a reasonable fear touching his own security. It is sufficient for our purposes, to say, without looking into the extent of the influence which this proof was calculated to exert upon the mind of the jury, that it was *admissible.* Evidence, believed to be similar to this in its nature, was ruled by this Court to be ad-

m'ssible, as in the case of *Hudgins vs. the Stat', in error,* 2 *Kelly's Rep.* 173.    *The People vs. Rector,* 19 *Wend.* 569.

Solicitor General PERKINS, and McDOUGALD, for defendant, cited—

*Prince's Dig.* 622, 623.    *Rules of Court, title " Continuance."*
*Wharton's Am. Crim. Law,* 595--9.    *Roberts vs. the State,* 3 *Kelly,* 324.

*By the Court.*—WARNER, J. delivering the opinion.

There are two grounds of error assigned upon the record in this case.   First, in refusing to grant the defendant a continuance of his cause.   Second, in refusing to the defendant, the right to examine Green, a witness, as to threats made by Dill, upon whom the assault is alleged to have been committed.

[1.] This Court has said, that it would not interfere with the *discretion* of the Court below in regard to continuances, except in cases of manifest injustice, or where there had been a flagrant abuse of such discretion.   This record, in our judgment, presents such a case; and we feel bound, according to our views of public justice, to control the discretion of the Court below, in refusing to the defendant a continuance of his cause.   We do not pretend to question the motives of the Court be'ow, but most cheerfully accord to that tribunal the same rectitude of purpose which we claim for ourselves; still, we think the Court was mistaken in its views of the rights of the defendant, under the Statute.

The 17th section of the 14th division of our Penal Code, declares, that " every person against whom a bill of indictment is found, shall be tried at the term of the Court at which the indictment is found, unless the absence of a material witness or witnesses, *or the principles of justice* should require a postponement of the trial; and then, the Court *shall allow a postponement of the trial, until the next term of the Court;* and the Court shall have power, to allow the continuance of criminal causes from term to term, as often as the *principles of justice,* may require, upon sufficient cause shewn on oath." *Prince's Dig.* 660.   The offence is charged in the indictment, to have been committed on the 21st day of April, 1848 ; the bill of indictment is returned on the 24th,

Howell *vs.* The State of Georgia.

and the defendant is put upon his trial on the 25th of the same month, and the defendant states in his affidavit, that he has been in custody and *close confinement*, since the commission of the crime imputed to him, and has not been able to procure testimony material for his defence, and that he cannot go safely to trial, until he can collect and prepare his testimony, which he has been unable to do at the present term of the Court; that he had employed counsel to defend him in another indictment, found at the last term of the Court, and had been informed that such counsel was on his way to this Court, he having his assurance that he would attend; that his means are limited, and not doubting but that his counsel thus employed would be at the Court, he had not procured the services of such other counsel, as would justify him in going to trial at that time. The defendant also states, that he cannot go safely to trial, because, such is the excitement in the public mind, and so excited is public feeling at the time against him, as he is informed and believes, that he cannot obtain a *fair trial*, and that his application for a continuance was not made for *delay*, but for the purpose of obtaining a fair trial.

It will be perceived from the Penal Code, that it is not alone for the absence of a witness or witnesses, that the Court is authorized to grant a continuance, but if the *principles of justice* shall require a postponement of the trial, then the *Court shall allow a postponement of the trial, until the next term of the Court.* In many of the States, provision is made for a change of venue, when the defendant will make oath he cannot obtain a *fair trial* in the county where the offence is committed, but here the offender must be tried in the county in which the criminal act was done, no matter what may be the excitement or *prejudice* in the public mind against him. Had the application for a continuance in this case, rested upon that ground alone, we are inclined to the opinion it should have been granted, at least at the first term of the Court, when the offence had been so recently committed; but when we take into consideration all the facts stated in the defendant's affidavit, in connexion with that ground, we have no hesitation in declaring it as our judgment, that the *principles of justice*, in the language of the Code, required the postponement of the trial until the next term of the Court. The majesty of the criminal laws of the country, will best be maintained and vindicated, by giving to each offender a fair and impartial trial, reasonable time

to make his defence, and not by forcing him into a trial with indecent haste, when his body and mind, from his unfortunate condition, cannot be supposed calculated to arrange and prepare his defence, either with judgment or discretion.

When it is apparent that the greatest criminal has had a fair and impartial trial, and is convicted according to the laws of the land, the public judgment acquiesces in such conviction ; whereas, when he has been convicted under circumstances of *prejudice* and *excitement*, forced into a trial without preparation for his defence, the sympathies of the community will be excited in his favor, and he will be viewed, rather as a *martyr* than as a *felon*, deserving punishment, and the moral effect of his conviction, will be greatly weakened.

[2.] With regard to the second ground of error assigned upon the record, we are of the opinion the question propounded to the witness, Green, as to threats made by Dill, " to drive the defendant from the place or take his life," was legal evidence, and ought to have been answered by the witness. The defendant was charged with an assault, with *intent to murder*. This offence must be proved to have been committed, under such circumstances that if death had ensued, it would have been murder. *Archbold's Criminal Pleading*, 246. Whether the threats of Dill to drive the defendant from the plane or take his life, were ever brought home to the knowledge of the defendant, the record is silent. The distinct proposition made by the record, is whether it was *competent* for the defendant to prove such threats on the part of Dill, against the defendant. By the 12th section of the 4th division of the penal code, it is *justifiable* homicide to kill a human being in self-defence or in defence of habitation, property, or *person*, against one who *manifestly intends* or endeavors, by violence or surprise, to commit a felony on either. The 13th section declares, that " a *bare fear* of any of those offences, to prevent which the homicide is alleged to have been committed, shall not be sufficient to justify the killing. It must appear that the circumstances were sufficient to excite the fears of a *reasonable* man, and that the party killing, really acted under the influence of those fears, and not in a spirit of revenge." The 16th section declares, " all other instances which stand upon the same footing of reason and justice, as those enumerated, shall be justifiable homicide." *Prince*, 623–4. The threats of Dill, proposed to be proved by the witness, *manifested*

*an intent*, on his part, to commit a felony on the person of the defendant. Whether the evidence was sufficient to excite the fears of a *reasonable* man, or only a *bare* fear, that an attack would be made on the defendant's person, by Dill, was a question for the jury to decide. The evidence was competent to show the *quo animo* of the defendant, the circumstances under which he acted. If it had been shown that the threats did not come to the knowledge of the defendant, then, if proved to have been made, they would constitute no justification for him. The error consists in not permitting the whole of the facts, in relation to the threats, to have been proved to the jury. All we can say is, that the question propounded to the witness, as it appears on the record, was a legal and competent question. What effect the answer would have had with the jury, of course we cannot know. All we decide is, that on a trial for murder, or on a trial for an assault with an intent to murder, it is competent, under the provisions of our own code, for the defendant to ask a witness if he did not know that the deceased, or the person assaulted, made any threats to drive the prisoner from the place, or take his life. In the case of *The People vs. Rector*, 19 *Wendall's Rep.* 569, evidence of threats was held admissible, made a week previous to the transaction, by *other persons* than the deceased, who had broken into the prisoner's house, and treated the inmates badly, and who had threatened to return some other night soon after, and break in again, if they were not admitted. Although the threats were not made by the deceased, yet the testimony was offered, and held admissible, to show that the prisoner *had reason to apprehend violence upon his house* at the time the deceased and his companions came there, and that was his reason for using so much force as he did. Mr. Justice Cowen, in delivering his opinion, says: "The *lightness* of a relevant circumstance is no argument for withholding it from the jury. In the prosecution of a crime so essentially the creature of intent as murder, every thing pertinent should be submitted to the jury, from which they may infer an absence of malice." Whether the circumstances under which the threats were made by Dill, "to drive the defendant from the place or take his life," were such as to excite the fears of a reasonable man, and to induce the defendant to apprehend violence to his person, so as to justify an attack upon the party making them, was a question for the jury, under the law ; and if not a *justifica-*

*tion* under the law, it might, in their judgment, have rebutted the presumption of *malice* on the part of the defendant, which is a necessary ingredient to constitute the offence with which he was charged.

Let the judgment of the Court below be reversed, and a new trial granted.