## FREEMAN *vs.* THE STATE OF GEORGIA.

Where a criminal case had been pending in court for several years, and several continuances had been granted to the defendant on account of the absence of certain witnesses, and where, upon the grant of such a continuance at the term of court before that at which the case was tried, the defendant was notified by

the court that he could have an attachment for the witnesses, which he then declined to take, but waited until a few days before the term at which he was to be tried, and then procured an attachment against them, but they were never arrested or brought before the court, there was no abuse of discretion in refusing to grant a further continuance.

April 1, 1887.

Criminal Law. Continuance. Before Judge COBB. City Court of Clarke County. September Term, 1886.

Reported in the decision.

W. B. BURNETT; E. K. LUMPKIN, by J. H. LUMPKIN, for plaintiff in error.

SYLVANUS MORRIS, solicitor city court, for the State.

BLANDFORD, Justice.

Freeman was indicted for carrying about his person a pistol concealed, and was found guilty. The only complaint is, that the court erred in not granting a continuance, upon the motion of Freeman's counsel, when the case was called for trial. It was shown by Freeman that certain witnesses had been subpœnaed; that the testimony of those witnesses was material; that they were not absent by his procurement or consent; that he expected to have them at the next term of court; and that the motion was not made for delay. The motion came fully up to the rule. But it appears from the record that this case had been pending in court several years, and that several continuances had been granted by the court on account of the absence of these witnesses. It was also shown that Freeman had, previously to this motion for continuance, sued out an attachment for these witnesses, but they were never arrested nor brought to the court. It was further shown that at the term before this case was tried, the case was continued on account of the absence of these witnesses, and that Freeman was then notified by the court

that he could have an attachment for them, which he declined to take, but waited until a few days before the term of the court at which he was tried, and then procured an attachment against them. The court held that under these circumstances he was not entitled to a continuance.

It appears to us, from the record, that the plaintiff in error was dallying with the court. It may have so appeared, and doubtless did so appear, to the judge who presided in the case. He was always ready to try the case when the State's witnesses were not there; he was never ready to try it at other times when it was called, because of the absence of these witnesses. This motion for continuance was addressed to the sound discretion of the court, and we cannot say that he abused that discretion; and the judgment is therefore affirmed.