## SALMONS *v.* THE STATE.

118   763'
125   308,

1. Even if the absence of witnesses, who would testify as to the bad character as to veracity of the principal witness for the State, was ground for a continuance, there was no abuse of discretion in ordering the case to trial when it appeared that there were two other persons accessible who would give similar testimony.

2. This is true even though the State in rebuttal introduced three witnesses as to the good character of the one attacked.

Argued October 12, — Decided October 29, 1903.

Indictment for selling liquor.    Before Judge Evans.    Hart superior court.    June 23, 1903.

The accused made a motion for a continuance because of the absence of three witnesses by whom he expected to prove that the general character of the State's witness, Roland, was bad, and that they would not believe Roland on oath.    The court asked the accused if he had other witnesses by whom he could prove the same facts, and he replied that he had; whereupon the court overruled the motion.    On the trial Roland testified that he bought whisky from the accused at or about the time alleged in the indictment.    The accused introduced two witnesses, who swore that they were acquainted with the general character of Roland, that it was bad, and that from that character they would not believe him on oath.    The State introduced three witnesses in rebuttal of this impeaching testimony.    The refusal of a continuance is the only ground of the motion for a new trial besides the general grounds.

*Asbury G. & Julian B. McCurry,* for plaintiff in error.
*David W. Meadow, solicitor-general,* contra.

LAMAR, J.    While some courts have ruled that a continuance will not be granted on the ground of the absence of impeaching or sustaining witnesses, this court has never directly passed on the point.    In *Studstill* v. *State, 7 Ga.* 10, and *Fox* v. *State, 9 Ga.* 375, the absent witnesses were not to prove character, but specific impeaching facts and statements.    The question is one pe-

culiarly within the discretion of the trial judge, and certainly in every such case it should appear that there were no persons present or accessible who could give similar testimony; and for the reason that only general character could be inquired into, and that involves the idea that it could be proved by many witnesses. If the absence of some of the many who had been or could have been summoned was a ground for continuance, it could almost always be secured, with the result of defeating the policy of the law which favors speedy determination of pending cases. The showing here was defective in that it failed to disclose that there were no other witnesses present by whom the attacking party could satisfactorily prove the same facts.    *Allen* v. *State*, 10 *Ga.* 86 ; *Anderson* v. *State*, 72 *Ga.* 98 ; *Phelps* v. *State*, 75 *Ga.* 571 (3).

In *Maynard* v. *Cleveland*, 76 *Ga.* 52, *Ryder* v. *State*, 100 *Ga.* 528, and *Williams* v. *Fambro*, 30 *Ga.* 232, the absent witnesses were not to testify as to the character for truth and veracity of any one concerned in the trial; but in one case as to the sanity of the accused ; in another as to the character of a slave, which illustrated the question of his money value, and also a fact relied on by the defendant, who was sued for killing him.    In the other it appeared that the plaintiff would testify to one state of facts, the defendant to an exactly opposite state of facts, and the evidence of the absent witness would tend to overcome this equipoise. Nothing of the kind appears in the motion here, and there was no abuse of discretion in refusing a continuance.  Civil Code, § 5488. Compare *McCurdy* v. *Terry*, 33 *Ga.* 55 ; 4 Enc. Pl. & Pr. 853.

*Judgment affirmed.    All the Justices concur.*