### COOK *v.* THE STATE.

ATKINSON, J. 1. On the call of a criminal case for trial where the defendant was charged with the offense of rape, the defendant made a motion for a continuance, which was overruled. The defendant was

Criminal Law, 16 C. J. p. 472, n. 44.

convicted and recommended to the mercy of the court. One of the grounds for continuance was based on the absence of a witness who if present, it was stated in the exceptions, would testify "that the girl alleged to have been raped told him that the defendant in this case did not rape her." The exceptions also stated that defendant informed the court "that he was ready, willing, and able to make out a complete legal showing for a continuance by reason of the absence of this witness," and that "the court stated that inasmuch as he was informed that the witness was in hiding that he would consider his motion in, but would overrule it." No evidence was submitted at the hearing to show that the witness was "in hiding." *Held*, that it was erroneous to refuse a continuance on this ground.

2. No ruling will be made with reference to other grounds of the motion to continue, or with reference to the grounds of the motion for a new trial.

*Judgment reversed. All the Justices concur, except Hines, J., dissenting.*

No. 5014. JUNE 22, 1926.

Rape. Before Judge Knight. Berrien superior court. July 2, 1925.

*W. R. Smith, W. D. Buie, J. S. Story,* and *Elsie H. Griner,* for plaintiff in error.

*George M. Napier, attorney-general, H. C. Morgan, solicitor-general,* and *T. R. Gress, assistant attorney-general,* contra.

HINES, J., dissenting. It is clear that a new trial should not be granted in this case on the ground that the court erred in refusing to continue the case on account of the absence of the witness Paulk, by whom the defendant, on his motion for continuance, alleged that he expected to prove that the female alleged to have been outraged made the statement to this witness that she had not been outraged by the defendant. This evidence would only have been admissible in the event this woman had been sworn as a witness for the State, and, after her attention had been called to the time, place, and circumstances, she had denied making this statement to this witness. It could only be used for the purpose of impeaching the witness, and could not be used to establish the fact contained in the contradictory statement. *Columbus Railroad Co.* v. *Peddy,* 120 *Ga.* 589 (2) (48 S. E. 149). In the first special ground of the motion for new trial the defendant says "that the alleged victim did swear positively that no rape had been committed upon her by" him; and this statement seems to be borne out by the record. This testimony of the female, given when she was sworn by the State to make out its case, was substantive evidence of the fact therein stated, and was of much greater weight than

proof of her mere contradictory statement, which could be offered and used solely for the purpose of her impeachment. So the defendant had the full benefit and proof of the fact embraced in the contradictory statement which he proposed to prove by this absent witness. If, therefore, the court erred in not continuing the case on account of the absence of this witness, the error was entirely harmless by reason of the turn which the evidence afterwards took. In *Studstill* v. *State,* 7 *Ga.* 2, this court held that "The absence of a witness, the object of whose testimony is to impeach another witness expected to be introduced by the State, is good ground for a continuance; but if the witness on the part of the State was not introduced, this court will not grant a new trial, notwithstanding the motion for a continuance was refused." The principle there announced is applicable to the case at bar. Here the defendant got the benefit of the sworn statement of the female that she had not been ravished by him. So he sustained no harm by not having his absent witness present to testify that she had made such statement to him. In fact, if this witness had been present, after she had sworn that she had not been raped by the defendant, his testimony would have been incompetent and inadmissible. On the subject of continuances on the ground of the absence of impeaching or sustaining witnesses, see *Studstill* v. *State,* supra; *Fox* v. *State, 9 Ga.* 373; *McCurdy* v. *Terry, 33 Ga.* 49 (4); *Salmons* v. *State,* 118 *Ga.* 763 (45 S. E. 611).