32627. THOMAS *v.* THE STATE.

Decided February 24, 1950.

*Rupert A. Brown*, for plaintiff in error.

*D. M. Pollock, Solicitor-General*, contra.

TOWNSEND, J. (After stating the foregoing facts.) Code § 38-416 provides as follows: "No person who shall be charged in any criminal proceeding with the commission of any indictable offense or any offense punishable on summary conviction, shall be competent or compellable to give evidence for or against himself." Section 38-1604 provides: "Husband and wife shall not be competent or compellable to give evidence in any criminal proceeding for or against each other, except that either shall be competent, but not compellable, to testify against the other upon the trial for any criminal offense committed, or attempted to have been committed, upon the person of either by the other. The wife shall be a competent witness to testify for or against her husband in cases of abandonment of his child, as provided in section 74-9902."

Both of these Code sections originated under law of this State from section 2 of the act of the General Assembly approved December 15, 1866 (Ga. L. 1866, p. 138). The preamble of this act is: "Whereas, the inquiry after truth in courts of justice is often obstructed by incapacities created by the present law, and it is desirable that full information as to the facts in issue, both in civil and criminal cases, should be laid before the persons who are to decide upon them, and that such persons should exercise their judgment on the credit of the witnesses adduced for the truth of testimony—," and the basic section 2 referred to herein provides that "Nothing herein contained shall render any person who, in any criminal proceeding, is charged with the commission of any indictable offense, or any offense punishable on summary conviction, competent or compellable, to give evidence for or against himself, or herself, or shall render

any person compellable to answer any question tending to criminate himself or herself; or shall in any criminal proceeding render any husband competent or compellable to give evidence for or against his wife, or any wife competent or compellable to give evidence for or against her husband; nor shall any attorney be compellable to give evidence for or against his client."

It is a cardinal principle in the construction of statutes that the construing authority must look to the intent of the legislature. *Erwin* v. *Moore*, 15 *Ga.* 361. The decision here depends upon the construction of Code § 38-1604 hereinbefore quoted. Applying this cardinal principle to the construction of this Code section, it is clear that the legislature in enacting section 2 of the act of 1866 had in mind the same sort of proceeding when it was provided that no "person who in any criminal proceeding is charged with the commission of any indictable offense . ." shall be "competent or compellable, to give evidence for or against himself" as it had in mind in connection with the enactment of that part of section 2 of the act which provides "[nor] shall in any criminal proceeding render . . any wife competent or compellable to give evidence for or against her husband." The criminal proceeding involved in this case was one where the husband was a defendant charged with the offense of burglary and he was seeking to continue his case. In such a proceeding it is well settled under our law that he was himself competent to give evidence in his own behalf. See *Howell* v. *State*, 5 *Ga.* 48, 53; *Maddox* v. *State*, 32 *Ga.* 581, 582; *Smith* v. *State*, 7 *Ga. App.* 252, 256 (66 S. E. 556); *Polite* v. *State*, 78 *Ga.* 347, 348; *Copenhaven* v. *State*, 14 *Ga.* 22, 23; *Freeman* v. *State*, 78 *Ga.* 663, 664 (3 S. E. 700); *Griffin* v. *State*, 26 *Ga.* 493, 501; *Salmons* v. *State*, 118 *Ga.* 763 (45 S. E. 611). It necessarily follows, therefore that Code § 38-416 which was taken from this identical section of the act of 1866, does not contemplate such a proceeding as renders the defendant himself incompetent as a witness in his own behalf, and since the legislature in connection with its enactment of said section of the act of 1866 had in mind the same type and character of proceedings for both the defendant and the defendant's wife or husband, a husband or wife is not disqualified from testifying on behalf of his or her spouse in a proceeding to continue a criminal case.

The preamble or caption of the act itself states the purpose of the law—that is, in substance, to liberalize the rules under which certain persons had, because of technical disqualification, formerly been prevented from offering testimony. The law states that every person shall be competent and compellable, in civil or criminal cases, to give evidence on behalf of any of the parties to the suit, with certain exceptions. We have been dealing with two of these exceptions. An accused is not competent to give evidence against himself, and a wife is not competent to give evidence against her husband in a criminal proceeding. This latter rule is first noted in early English decisions, and appears to have grown out of the legal principle carried over from ecclesiastical law that the husband and wife are one undivided entity. The fact that the wife cannot testify against her husband, then, is but an expression of the early legal doctrine that the wife is a part of her husband, and, he being unable to testify for or against himself, she likewise is incapacitated. The inescapable conclusion is that this law, like the common-law rule on which it was founded, incapacitates the wife in the manner and to the extent that the accused spouse is himself incapacitated. To press the inhibition further would be to go beyond the intent of the act and to reach an illogical and frivolous conclusion. This is borne out by the statement of the court in *Williams* v. *State,* 69 *Ga.* 11, at page 30, where it is held that the wife of one indicted for murder might appear as a witness against another jointly indicted for the same crime. The court stated, "The wife was not called to testify against her husband. The restriction on her competency is *confined to such issues as involve his guilt."* (Emphasis ours.)

The record here shows the absent witness to have been a material witness for the defense. It appears that had a legal showing been permitted a continuance would probably have resulted. The defendant was therefore deprived of the testimony of this witness.

In refusing to allow the wife to testify on behalf of the husband in the proceeding based on an application for a continuance, the trial court erred, and subsequent proceedings were thereby rendered nugatory.

The judgment of the trial court overruling the motion for a new trial was error for the reason herein set forth.

*Judgment reversed. MacIntyre, P. J., and Gardner, J., concur.*