GEORGE M. THOMAS, plaintiff in error, *vs.* THE GEORGIA RAILROAD AND BANKING COMPANY, defendant in error.

1. An appeal should not be dismissed because of the insufficiency of the security, until the appellant has been required to give other security, or shew cause why the appeal should not be dismissed.

2. By the provisions of the 3329th section of the Code, railroad companies are liable to be sued for injuries done to persons, or property, by the running of "hand-cars" upon their roads, as well as by the running of cars propelled by steam-power, and may be sued therefor, in any county in which the cause of action originated.

Dismissal of appeal. · Jurisdiction. By Judge POPE. De-Kalb Superior Court. October Term, 1868.

Thomas brought case, in DeKalb county, against said company, for breaking his arm by the careless running of one of their hand-cars, by his fellow servants, in said county.　It was not averred where the residence of the company was, except as follows: "The Georgia Railroad and Banking Company, a corporation of said State, having a portion of its road in, and doing business in, said county of DeKalb," and that the injury to the plaintiff was done upon their road in said county.

The defendant plead the general issue.　There was a trial before the *petit* jury against the defendant, from which defendant appealed.　The appeal bond was made during the term of the Court, and was in regular form, except that the Clerk had failed to sign his name under the words "tested and approved."　The security on the bond was John N. Pate.

When the cause was called for trial, plaintiff's attorney moved to dismiss said appeal, because said bond had not been approved by the Clerk, and because the security on the bond was insolvent.　In support of this motion, they proposed to show the want of approval, as aforesaid, from the minutes, and to prove by the Clerk that he failed to approve the bond, because of the insufficiency of the security, it having been objected to by plaintiff's attorneys within the four days from the adjournment of the Court allowed for appealing, and notice of this objection having been given to the agent of the company at

Thomas *vs.* The Georgia Railroad and Banking Company.

Decatur, DeKalb county, Georgia, within said four days. They proposed to shew the insolvency of said security. The Court refused to dismiss the appeal.

The defendant's attorneys then moved to dismiss said cause on the ground that the cause of action set forth in the declaration, (injury by a hand-car,) did not give jurisdiction to DeKalb county. The Court dismissed the case. His refusal to dismiss the appeal, and his dismissal of the case, are assigned as error.

HILL and CANDLER for plaintiff in error.

L. J. GLENN & SON for defendant in error.

WARNER, J.

1. There are two grounds of error assigned to the judgment of the Court below in this record. First, in refusing to dismiss the appeal; second, in dismissing the plaintiff's action for want of jurisdiction. In our judgment, there was no error in refusing to dismiss the appeal, upon the statement of facts presented. When a motion is made to dismiss an appeal at the first term after an appeal has been entered, on the ground of the insufficiency of the security, a rule should be applied for, requiring the party to give *other security*, or to shew cause why the appeal should not be dismissed, of which the party should have reasonable notice, as it is his privilege to give other and better security, if he shall be required to do so. 2. In our judgment, the Court below erred in dismissing the plaintiff's action for want of jurisdiction in Dekalb county, in which the suit was pending. By the 3320th section of the Code, it is declared that " All railroad companies shall be liable to be sued in *any county* in which *the cause of action originated*, by any one whose *person* or property has been injured by such railroad company, their officers, agents, or employees, in or by the running of the cars, *or* engines, for the purpose of recovering damages for such injury." The plaintiff alleges that he was injured in his *person*, by the defendant, upon his road, in the county of

Dekalb, by the running of a *"hand-car."* It was contended, on the argument, that the "cars" contemplated by the Code, meant such cars only as were propelled by steam power, and not "hand-cars." The reply is, that the Code makes no such distinction, and the Courts have no authority to do so. The words of the Code are general, and embrace *all cars* which are run upon the road by the defendant. Besides, it is not very apparent to this Court, why an injury may not be done to the person, and property, of individuals by the *careless* and *negligent* running of "hand-cars" by the defendant, upon the road, as well as by the running of other cars propelled by steam. The question of injury may be one of *degree* only; but either may be the instrument of injury, when carelessly or negligently managed by the servants and agents of the company. Let the judgment of the Court below be reversed.