## NATIONAL FURNITURE CO. *v.* EDWARDS, admr.

## SOUTHERN FURNITURE CO. *v.* EDWARDS, admr.

Where a claim case was tried before a justice of the peace, and from the judgment rendered by him in favor of the plaintiff in *fi. fa.* the claimant appealed to the superior court, it was error for the court, upon the call of the case for trial on the appeal, to dismiss the appeal upon the ground of appellant's absence, and a failure of the magistrate to approve the appeal bond. The court should, therefore, have sustained the motion to reinstate the case made by claimant during the term of the court at which the appeal was dismissed, it appearing that the appeal bond was filed with the magistrate in time, and by him transmitted with the papers to the superior court.

Argued June 17,—Decided July 25, 1898.

Motion to reinstate. Before Judge Candler. Bartow superior court. July term, 1897.

From the judgment of a justice's court in favor of the plaintiff in fi. fa. in a claim case, the claimant (plaintiff in error) appealed to the superior court, filing an appeal bond upon which there was no entry of approval by the magistrate. The appeal was dismissed by the superior court; the order of dismissal stating that the case was called in its order, that there was no appearance for the plaintiff, and that no appeal bond approved by the magistrate who tried the case had been given as required by law. The appellant filed a motion to reinstate the appeal, on the grounds, that the order of dismissal should be vacated; that appellant was not notified of the hearing of the case, and no laches could be charged to it or its counsel; that when the appeal was entered, appellant received from the trial magistrate a postal saying "Yours received, with P. O. order and appeal bond.

The same was received in plenty time." Appellant moved that it be allowed to amend its bond by having the same approved by the magistrate, if so by law required. On demurrer the motion was overruled, and the appellant excepted.

*Dean & Dean* and *A. M. Foute,* for plaintiff in error.
*James B. Conyers,* contra.

LEWIS, J. We know of no law that requires the approval of an appeal bond by the magistrate. If the security given by the appellant is insufficient, the appellee has his remedy under section 5123 of the Civil Code; and that remedy is not the dismissal of the appeal without allowing the appellant an opportunity to offer an amendment and give new security. Even if it were the duty of the magistrate to make upon the appeal bond a formal entry of approval, we do not think the failure to perform such a ministerial act should work any injury to the appellant if he has complied with all the law required of him in paying costs and filing his bond within the time provided by the statute. Section 5125 of the Civil Code declares: "The mistake or misprision of a clerk or other ministerial officer shall in, no case work to the injury of a party, where by amendment justice may be promoted." In the case of *Pearce* v. *Renfroe,* 68 *Ga.* 194; it was held to be no cause for the dismissal of an appeal that the magistrate did not file the papers in the office of the clerk of the superior court within the time required by law; nor that he did not send up the judgment rendered by him; nor that he made no proper certificate that the appellant had within the proper time paid the costs and given bond. "When an appellant has done his duty," says the court, "the mistake of the magistrate may be corrected." See also *Nisbet* v. *Lawson,* 1 *Kelly,* 275; *Thomas* v. *R. R. Co.,* 38 *Ga.* 222. An appeal is a de novo investigation. After the case has been properly appealed to the superior court from an inferior judicatory, procedure on the trial of the appeal should be just as if the case had been originally brought in the superior court, and was being heard for the first time. The proper practice in a claim case, where the claimant fails to put in an appearance, would be either to dismiss the claim, or for the plaintiff to make out his case before

he would be entitled to a verdict or judgment subjecting the property. He certainly could not, on account of the failure of the claimant to appear, take judgment by default. The effect of dismissing an appeal is to affirm the judgment of the court be-low. Plaintiff might in this case have moved a dismissal of the claim, but he could not, in this de novo investigation, obtain such a judgment upon mere motion as would have the effect of finally subjecting the property in dispute to his execution. The principle ruled in *Singer Mfg. Co.* v. *Walker*, 77 *Ga.* 649, we think controls this case. There it was decided that where an appeal has been entered by a defendant, it is a de novo investigation, and should not be dismissed because of the absence of the defendant. See also *Griffin Marble Wks.* v. *Padgett*, 77 *Ga.* 497.        *Judgment reversed. All the Justices concurring.*