ST. LOUIS & SAN FRANCISCO RAILROAD COMPANY *v.* COOKSEY.

Opinion delivered June 14, 1902.

NEGLIGENCE—PRESUMPTION—RUNNING OF TRAIN.—The statutory presumption of negligence which arises upon proof of an injury caused by the running of trains does not apply where a person was scalded by one of the trainmen engaged in wetting coal on the tender while the train was standing still.

Appeal from Crawford Circuit Court.

JEPTHA H. EVANS, Judge.

Affirmed.

This was an action to recover damages for an accidental scalding caused by the negligence of one of defendant's employees. There was evidence that plaintiff had just alighted from defendant's train, and was passing the engine, which was not in motion, when one of the defendant's employees, engaged in wetting coal on the tender, carelessly turned the hose so as to throw a stream of hot water on plaintiff, whereby he was severely burnt. He recovered judgment, from which defendant appealed.

*L. F. Parker* and *B. R. Davidson,* for appellant.

Appellant owed appellee ordinary care only.   4 Elliot, Railroads, § 1590; Hutch. Car. 521 *a;* 65 Ark. 64; 48 Ark. 493; 27 Am. & Eng. R. Cas. 132; 112 N. Y. 443.   Appellee was not a passenger, and appellant had no care or control over him.   Hutch. Car. 561*a,* 613.    This does not fall within section 6349 of Sandels & Hill's Digest.   33 Ark. 816; 41 Ark. 161.

*Chew & Fitzhugh,* for appellee.

Appellee at the time of receiving the injury was a passenger. 2  Shearm. & Red. Neg. (5th Ed.), § 490; 59 Ark. 122; 67 Ark.  54; 100 Mass. 208; 76 Ga. 770; 46 Ark. 198;  104  Fed.  663;  92 N. C. 1.   Carriers of passengers are held to the highest degree of care.   40 Ark. 320; 34 Ark. 625; 51 Ark. 459; 48 Ark. 125; 49 Ark. 278.   Instruction No. 7, as given by the court, was a proper one.   1 Shearm. & Red. Neg. §§ 59-60; 65 Ark. 237; 63 Ark. 636.

WOOD, J.   The court gave the following: "7.   If the plaintiff shows by a preponderance of evidence that he was injured by the operation of defendant's train, it is presumed that the injury was negligent, and the burden in such case is upon defendant to show that the injury was not the result of negligence."

Section 6349 of Sandels & Hill's Digest provides: "All railroads which are now or may be hereafter built and operated in whole or in part in this state shall be responsible for all damages to persons and property done or caused by the running of trains in this state."

The statute, being in derogation of common right, should be strictly construed.   *Watkins* v. *Griffith,* 59 Ark. 356.   The general rule requires the one who alleges negligence to prove it.   This statute imposes upon the railroads a burden contrary to the general rule.   We should not extend it beyond the cases where it obviously applies, giving the words their plain natural meaning.   The legislature intended that in all cases where damages resulted to persons or property by the "running" of trains negligence should be presumed.   The damages here referred to mean those produced by moving trains.   There is no reason for supposing that the legislature used the word "running" in any other than its narrow and restricted sense of causing trains to be moved or propelled.

The rule has its origin in the inability of the plaintiff to prove his injuries to have been the result of negligence in cases where the facts lie peculiarly within the knowledge of those who produce the injury. That may be said to be the case where the injury is caused by the actual running of the train. Those entrusted with the work of propulsion alone can know, as a general thing, what they have or have not done in that regard, while the injured party or others can only surmise or infer as to what the trainmen actually did know by the circumstances and resultant conditions in any given case. If the word "running" referred to the operation of trains in its broad and general sense, the reason which is supposed to be the origin of the statute would cease. For almost innumerable injuries resulting in damage might occur in the operation of trains where a knowledge of the facts would be equally accessible to both parties, and not be peculiarly with the one or the other. This is not the case, as we have seen, where the proximate cause of the injury is the actual running or propulsion of the train. This work is in the hands of experts, who alone are peculiarly cognizant of the facts connected with such work. The statute is not applicable to cases of the kind under consideration, and the instruction should not have been given. It was a question for the jury, under the evidence, as to whether or not the injury was the result of negligence, or a pure accident without negligence. The instruction was therefore prejudicial.

The question of the offer of settlement will not likely arise again, and we need not pass upon the instruction asked by the appellant and refused on that point. For the error indicated, reverse the judgment, and remand the cause for new trial.