### SMILEY v. PADGETT.

123    39
128    742

1. In the trial of a claim case, declarations of the defendant in execution, made up to the time of the levy and while he was in possession, that he owned the property levied on, are admissible in evidence, if there is any evidence that he was in possession of the property at the time of the levy ; but if the evidence on the question of possession is conflicting, the jury should be instructed to disregard the declarations unless they believe that the defendant was in possession.    In the absence of an exception to the charge, it is to be presumed that the jury were so instructed.
2. The evidence warranted the verdict, and there was no error in overruling the motion for a new trial.

Submitted April 20,—Decided May 13, 1905.

Levy and claim.    Before Judge Fite.    Gordon superior court. December 12, 1904.

An execution, issued on the foreclosure of a laborer's lien in favor of Padgett, was levied on a lot of wood as the property of Huffaker, and Smiley interposed a claim. The jury found the property subject. The claimant's motion for a new trial was overruled, and he excepted. The motion was on the grounds, that the verdict was contrary to the evidence, and that the court admitted evidence that the defendant in execution had stated, before the levy, that the wood was his.

*Cantrell & Ramsaur* and *R. J. & J. McCamy*, for plaintiff in error.  *Starr & Erwin*, contra.

COBB, J.  1. In *Rutledge* v. *Hudson*, 80 *Ga.* 267 (6), it was held that where the claimant admitted that the defendant in execution was in possession at the time of the levy, any declarations made by the defendant up to the time of the levy and while in possession are admissible in evidence. The principle of this decision would extend to a case where the evidence showed that the defendant was in possession. Whenever there is evidence of possession in the defendant in execution at the time of the levy, his declarations may be admitted. In such a case, however, the jury should be instructed to disregard the declarations unless they believe from the evidence that he was in possession claiming the property as his own. In the present case there was no exception to the charge, and we are bound to presume that the jury were correctly and fully instructed on this question; and there was evidence from which the jury could find that the defendant in execution was in possession claiming the property as his own.

2. While the evidence was conflicting, and probably preponderated in favor of the claimant, there was evidence from which the jury could find that the defendant in execution was the owner of the wood. The claimant's theory was that Huffaker was employed by him to haul and ship the wood, and that he had been fully paid for his services. If the jury had believed the claimant's theory, they would have been bound to find from the evidence that Huffaker had been fully paid for his services. But the jury were authorized to find that Huffaker owned the wood levied on, and that the property was subject to the execution.

*Judgment affirmed.  All the Justices concur, except Candler, J., absent.*