3466. BANK OF SOUTHWESTERN GEORGIA *v.* EMPIRE LIFE INSURANCE COMPANY.

The proper practice in a claim case, where the claimant fails to put in an appearance, is either to dismiss the claim, or to have the plaintiff make out his case and take a verdict finding the property subject to the execution; and where the entry of levy on the execution recites that at the time of the levy the property levied upon was in the possession of the defendant in execution, this would make out a prima facie case in behalf of the plaintiff in fi. fa., and would cast the burden upon the claimant, and, in the absence of the claimant, would entitle the plaintiff in fi. fa. to a verdict finding the property levied upon subject.
DECIDED JANUARY 15, 1912.

Levy and claim; from city court of Leesburg—Charles H. Beazley, judge pro hac vice. April 21, 1911.

*W. A. Dodson,* for plaintiff in error.

*Tipton & Passmore,* contra.

HILL, C. J. This was a claim case, and the only issue raised for the decision of this court is whether the trial judge erred in allowing the plaintiff in fi. fa. to join issue and take a verdict finding the property levied upon subject, where there was no appearance for the claimant. The plaintiff in error insists that the claim should have been dismissed. In *National Furniture Co.* v. *Edwards,* 105 *Ga.* 240 (31 S. E. 161), it is held that "the proper practice in a

claim case, where the claimant fails to put in an appearance, would be either to dismiss the claim, or for the plaintiff to make out his case before he would be entitled to a verdict or judgment subjecting the property." Under this decision, when the case was called for trial and the claimant was absent and unrepresented, the trial judge could either have granted a motion to dismiss the claim, or have allowed the plaintiff to make out his case and take a verdict finding the property subject; and, at the instance of the plaintiff in the court below, the latter course was adopted. Did the plaintiff make out his case? It does not appear that he introduced any evidence. The recital in the bill of exceptions is that he tendered issue, impaneled a jury, and proceeded to take a verdict finding the property subject. The execution, with the entry of the levy, was a part of the papers before the court even if not formally introduced in evidence, and the entry of the levy made by the sheriff on the execution, recited that at the time of the levy, the property levied upon was in the possession of the defendant in execution. This was sufficient to make out a prima facie case and to cast the burden upon the claimant. Where the claimant was not present to carry this burden, it seems that the plaintiff was entitled to a verdict finding the property subject to the execution. Civil Code (1910), § 5170. There was no error.　　　　　*Judgment affirmed.*