WILL MCGRADY, A MINOR, BY L. A. CARVER, HIS NEXT FRIEND, *Plaintiff in Error*, v. CHARLOTTE HARBOR & NORTHERN RAILWAY COMPANY, *Defendant in Error*.

Opinion Filed December 16, 1913.

Rehearing Denied January 9, 1914.

A declaration containing allegations that the plaintiff an employee of a railroad company was assisting in running a hand car which was taken off and put back on the tracks as occasion required, and that while plaintiff was in the performance of his duty, another employee of the company "at the moment when said car was being lifted * * * in order that the wheels might mount or run onto and upon the rails and tracks, suddenly and without notice or warning to the plaintiff, carelessly and negligently dropped said hand car onto, upon and against plaintiff" and injured him, is not subject to a demurrer on the ground that the alleged injury was not sustained "by the running" of the hand car within the meaning of the statute.

Writ of error to Circuit Court of DeSoto County; F. A. Whitney, Judge.

Judgment reversed.

*Ben F. Cone* and *Williams* & *Hardee,* for Plaintiff in Error;

*Wall* & *McKay,* for Defendant in Error.

WHITFIELD, J.—This action was brought by an employe against the employer railroad company to recover damages for personal injuries caused by the negligence of another employee in placing a hand car upon the railroad track. A demurrer to the declaration was sustained and final judgment for the defendant was rendered to which judgment the plaintiff took writ of error.

The first count of the declaration alleges "that while the plaintiff was in the performance of his duty" as section hand in assisting in running a certain hand car of the railroad company, one other section hand "at the moment when said (hand) car was being lifted as afore-

said in order that the wheels might mount or run onto
and upon said rails and tracks, suddenly and without
notice or warning to the plaintiff, carelessly and negli-
gently dropped said hand car or machinery, onto, upon
and against plaintiff, the plaintiff being then and there
without fault or negligence on his part, causing plaintiff
to" be injured as specified, "which injury to plaintiff was
caused by the carelessness and negligence of said certain
other hand in so running said car as to cause the same
to be dropped or run upon or against the plaintiff as
aforesaid."

The question to be determined is whether the allega-
tions sufficiently show an injury to an employee of the
railroad company "caused by negligence of another em-
ployee" "by the running of the locomotives or cars, or
other machinery of such company," within the meaning
of section 3150 of the General Statutes of 1906, which
changes the common law rule of non-liability of the mas-
ter for injuries to employees caused by the negligence of
other employees to which the employer dos not proxi-
mately contribute.

While statutory enactments in derogation of the com-
mon law should not be extended further than the words
used will fairly warrant, yet in construing a statute the
valid intent of the lawmaking power as gathered from
the language and purpose of the act, is the guiding star,
and when the intent is ascertained, it should be made
effective as being the essence of the law.

There is no contention that a hand car used by a rail-
road company upon its tracks is not a "car" or "ma-
chinery" within the meaning of the quoted statute. That
it is, see Atlantic Coast Line R. Co. v. Ryland, 50 Fla.
190, 40 South. Rep. 24; Ryland v. Atlantic Coast Line

R. Co., 57 Fla. 143, 49 South. Rep. 745; Kansas City, M. & B. R. Co. v. Crocker, 95 Ala. 412, 11 South. Rep. 262; Thomas v. Georgia Railroad & Banking Co., 38 Ga. 222.

The object designed to be attained by the statute is the protection to railroad employees engaged in dangerous employments incident to the actual physical operation or running of railroad locomotives, cars or other machinery of a railroad company. The language of the statute, to-wit: *"the running* of the locomotives," &c., considered with reference to the object designed to be accomplished is intended to cover and include such hazardous tasks as are a part of the actual use for transportation purposes "of the locomotives or cars, or other machinery of such company." If this is not the intent of the statute, then an injury caused by the operation of a locomotive or car while it is standing on the track or the movement of it while it is being removed from or put on the track while such locomotive or car is in actual use for transportation purposes, is not included. Such a narrow construction could not have been intended, for so construed the statute would not accomplish the purpose designed, of affording protection and relief to employees engaged in the well known hazardous employments of the movements of railroad cars and machinery that are being actually used for transportation.

The allegation is that the duty of the plaintiff, an employee of the defendant railroad company, was to assist "in running a certain hand car or machinery used by the defendant for the purpose of conveying section hands and such tools as they used to and from their work on defendant's road bed and track and to transport material for such repairs as might be necessary then and

there in the up keep, maintenance and repair of defendant's road bed and track, unto and upon the rails of said track and along the same until the said séction hands and said hand car or machinery arrived at the place where the work of repairing defendant's road bed or track was to be done and performed; then to assist said section hands in running said machinery or hand car off said rails and track and along side of said track in order that said track might not be obstructed for the passage of trains and leave the said hand car or machinery along side of said track while said work or repair was being done, and after the said work or repair was done and performed, to assist said section hands in running said hand car or machinery, from the side of said track where it had been left as aforesaid, back unto and upon said track and rails, which said hand car or machinery was propelled by hand." This allegation shows the use of the hand car and the duty of the plaintiff to assist in putting the car off and on the track as an essential part of the act of *running* it. Further allegations are that in using the hand car "it became necessary for the plaintiff together with said section hands to lift said hand car or machinery in order that the wheels of the same in running onto and upon said rails and track might be caused to mount or run onto and upon said track and rails; that while the plaintiff was in the performance of his duty, one of the said other section hands at the moment when said car was being lifted as aforesaid in order that the wheels might mount onto and upon said rails and tracks, suddenly and without notice or warning to the plaintiff, carelessly and negligently dropped said hand car or machinery, onto, upon and against plaintiff," and injured him. These allegations state that

the injury was sustained in performing a duty of the plaintiff "when said car was being lifted  *  *  in order that the wheels might mount or run onto and upon said rails and tracks," which lifting of the hand car onto and upon the tracks was directly and immediately connected with, and a necessary incident to, the actual physical accustomed and ordinary use of the car for transportation purposes, and such lifting of the hand car onto the tracks thereby became a necessary and usual part of "the running of" the "car" or "machinery" of the railroad company within the meaning of the statute, Section 3150 of the General Statutes of 1906.

The holding in St. Louis & S. F. R. Co. v. Cooksey, 70 Ark. 481, 69 S. W. Rep. 259, that proof of an injury by escaping steam from a locomotive while standing on the railroad track, does not raise a presumption of negligence under a statute making railroad campanies "responsible for all damages to persons or property done or caused by the running of trains," is not controlling authority here.

As the statute authorizes a recovery "for damages done to persons," mere allegations in some of the counts that the negligence was "wilful and wanton" do not render the counts subject to demurrer. The action is brought under the statute to recover damages for a personal injury caused by the negligence of a co-employee and the several counts state an injury to the plaintiff, an employee of the defendant railroad company, caused by the negligence of a co-employee while both employees were engaged in performing a service for the defendant within the scope of their employment, which service was to assist in running a hand car, the injury occuring while the employees were actually replacing a hand car on the

track where it was being run and used for transportation purposes of the defendant railroad company, and the facts alleged do not show a personal trespass upon the plaintiff by the co-employee outside of the line of his employment, by the defendant, therefore allegations that the negligence of the co-employee in performing the service within the employment was "wilful and wanton" do not render the counts insufficient to state a cause of action.

The judgment is reversed.

SHACK,EFORD, C. J., AND TAYLOR, COCKRELL AND HOCKER, J. J., concur.