## 15342.    NELSON *v.* BRANNON.

JENKINS, P. J.   1. The declarations of a defendant in fi. fa., made after the pendency of litigation, are inadmissible in the trial of a claim case (Civil Code of 1910, § 5776 (4)); but "declarations of the defendant in execution, made up to the time of the levy and while he was in possession, that he owned the property levied on, are admissible in evidence, if there is any evidence that he was in possession of the property at the time of the levy." *Smiley* v. *Padgett*, 123 *Ga.* 39 (1), 40 (50 S. E. 927); *Rutledge* v. *Hudson*, 80 *Ga.* 267 (6), 271 (5 S. E. 93); *Rountree* v. *Gaulden*, 128 *Ga.* 737 (2), 741 (58 S. E. 346).

(a) "The execution, with the entry of the levy, was a part of the papers before the court even if not formally introduced in evidence, and the entry of the levy made by the sheriff on the execution recited that at the time of the levy the property levied upon was in the possession of the defendant in execution." *Bank of Southwestern Ga.* v. *Empire Life Ins. Co.*, 10 *Ga. App.* 320, 321 (73 S. E. 597); *Manley* v. *McKenzie*, 128 *Ga.* 347, 351 (57 S. E. 705). Possession by the defendant at the time of levy may be shown also by the express admission of the claimant at the trial, or impliedly from his assumption of the burden of proof which otherwise would rest upon the plaintiff in execution. *Engram* v. *Bell*, 147 *Ga.* 416 (94 S. E. 245); *Dawson Consolidated Grocery Co.* v. *Hudson*, 137 *Ga.* 846 (2), 847 (74 S. E. 796); *Manley* v. *McKenzie*, supra; *Andrews* v. *Sims*, 27 *Ga. App.* 338 (3) (108 S. E. 258). The sheriff's return on the execution in the instant case recites that the defendant was in possession of the property in question at the time of the levy. While the record does not show that the claimant admitted possession by the defendant, expressly or by formally assuming the burden of proof, it appears from the brief of the evidence that he in effect assumed such burden by proceeding to offer testimony on the opening of the case, and thus impliedly admitted possession in the defendant in fi. fa. and a prima facie case in the plaintiff. Nor was any testimony introduced tending to dispute such possession. The declarations of the defendant, made

before levy and while, under certain evidence, he was in possession, as to his ownership of the part of the crop in question and his attempt to mortgage the same, were thus admissible under the rule stated above in the first paragraph.

2. While the evidence as to the ownership of the property claimed was sharply conflicting, the verdict finding the property subject was fully authorized, and, having the approval of the trial judge, will not be disturbed.

*Judgment affirmed. Stephens and Bell, JJ., concur.*

DECIDED JUNE 16, 1924.

Levy and claim; from city court of Floyd county—Judge Bale. January 12, 1924.

*James Maddox,* for plaintiff in error.

*Paul H. Doyal,* contra.