### 16351. REMINGTON *v.* GARRETT.

STEPHENS, J. 1. A conveyance of title in fraud of a creditor is void, and the creditor may attack it in a suit at law. Civil Code (1910), §§ 3218, 3224 (2).

2. Where, upon the trial of a claim case, it appears that a conveyance of title to the property levied on, made by the defendant in execution to a stranger prior to the levy, would, if valid, operate, under section 6038 of the Civil Code (1910), to deprive the defendant in execution of any leviable interest in the property, the plaintiff in execution may, in the

same action, for the purpose of subjecting the property to the execution, attack the conveyance upon the ground of fraud.

3. Where it appeared from the evidence in such a case that the conveyance was made by the defendant in execution to his brother two days prior to the rendition of the judgment upon which the execution issued, and purported on its face to secure an indebtedness of eleven hundred dollars, when in fact the actual indebtedness was about two hundred and fifty dollars, there was presented an issue for determination by a jury as to whether the conveyance was fraudulently made by the defendant in execution.

4. This case is distinguishable from *Sloan* v. *Loftis*, 157 *Ga.* 93 (120 S. E. 781). In the latter case it appears conclusively, as a matter of law, that the legal title was in the claimant, and that the only interest the defendant in execution had ever had in the property levied upon was as a purchaser holding under a bond for title.

5. Where the property levied upon consisted of crops, live stock, and other personalty acquired as a result of the operation by the defendant in execution of certain farms consisting of lands owned partly by himself and partly by his wife (the claimant), and operated as one enterprise and in his own name, the husband selling the products of the farms and banking the proceeds in his own name, the wife in the meantime living with him and making no objection to the arrangement or to the manner of the operations, the inference is authorized that the property levied upon was his property and not that of the wife.

6. The fact that certain of the live stock were descended from stock owned by the wife twenty years prior to the levy does not as a matter of law establish her title to the present descendants of such remote ancestors.

7. It being a question of fact whether the prior conveyance which had been made by the defendant in execution to his brother was valid, and there being evidence which would have authorized a finding by the jury that the property levied upon was the property of the defendant in execution, and therefore subject to the levy, the court erred in dismissing the levies.

*Judgment reversed. Jenkins, P. J., and Bell, J., concur.*

Decided December 21, 1925.

Claim; from city court of Quitman—Judge Weston. January 27, 1925.

*Sam T. Harrell,* for plaintiff.
*Branch & Snow,* for defendant.