### Bryant *et al. v.* Bush *et al.*

Hines, J. 1. The motion to dismiss the bill of exceptions is without merit.

2. The judgment of a court of competent jurisdiction may be set aside by a decree, for fraud, accident, or mistake, or the acts of the adverse party unmixed with the negligence or fault of the petitioner. Civil Code (1910), §§ 4584, 4585, 5965.

3. Actual fraud consists in any kind of artifice by which another is deceived. Constructive fraud consists in any act of omission or commission, contrary to legal or equitable duty, trust, or confidence justly reposed, which is contrary to good conscience, and operates to the injury of another. § 4622. Fraud may be consummated by signs, or tricks, or by any other unfair way used to cheat another. § 4625.

4. The petition alleges these facts: B., an attorney at law, was employed and paid by their father to prepare and file a claim for his children and grandchildren to lands which had been levied upon as his property. This was done. Before the claim came on for trial, B.

Executions, 23 C. J. p. 603, n. 50 New.

Fraud, 26 C. J. p. 1060, n. 23; p. 1061, n. 27, 28; p. 1068, n. 91.

Judgments, 34 C. J. p. 462, n. 35; p. 463, n. 60; p. 470, n. 44; p. 473, n. 78, 79; p. 475, n. 98; p. 491, n. 31.

Pleading, 31 Cyc. p. 333, n. 76.

removed from Georgia to Florida. B. made an arrangement with G., another attorney at law, to represent him generally in all his law business in the court where the claim was pending. On April 27, 1927, the claim case was called for trial. The judge announced that B.'s name appeared as attorney for the claimants. Thereupon G. stated to the court that he was looking after B.'s business generally, and, while he had no knowledge or recollection of having discussed this case with B., that he was ready and willing to represent B. in this litigation, and look after the interests of the claimants. G. then, in open court, called the claimants and their father, but they did not respond. G. then had a conference with the attorney for the plaintiff in fi. fa., and asked the latter the nature of the case. The attorney for the plaintiff stated to G. that the case was a claim case, that his client had a fi. fa. against the father of the claimants, which had been levied upon certain lands, that the father had a one-sixth undivided interest in these lands in his own right, that the claimants claimed five-sixths undivided interest therein, that these lands had formerly belonged to Sophronia Smart, the deceased wife of the defendant in fi. fa. and the mother of some of the claimants and the grandmother of other claimants, that the defendant had unquestionable title to a one-sixth undivided interest in these lands as an heir at law of his wife, and that said one-sixth undivided interest was worth more than the fi. fa. and would pay the same. G. then told the attorney for the plaintiff that he would call B. over the long-distance telephone, and requested the court to give him an opportunity to talk with B. concerning the case. The attorney for the plaintiff told G. that it was unnecessary to do so, for there was no question that the interest of the defendant in these lands was a one-sixth undivided interest, and that said interest would pay his client the full amount of his fi. fa. On the attorney for the plaintiff making this statement, G. did not call B. regarding the case, because he relied on the statement of the attorney for the plaintiff that the interest of the defendant would satisfy the fi. fa., and would not necessitate the subjecting of the interests of the claimants in these lands. G., representing B., understood from the statement of the attorney for the plaintiff that judgment was to be taken finding only a one-sixth interest in these lands subject to the fi. fa., and that this was all that was being asked by the attorneys for the plaintiff in fi. fa. Immediately after this conference between G. and the attorney for the plaintiff, the latter, upon the introduction of the execution and the levy, and without the introduction of other evidence, obtained a verdict directed by the court, finding these lands subject to the fi. fa. levied; and judgment was rendered in favor of th  plaintiff upon this verdict. The verdict and judgment were rendered in the absence of the claimants and of B. and G., without their knowledge, and they did not learn of their rendition until after the adjournment of the term of court at which they were taken, and not until within a week of the filing of claimant's petition to set them aside. *Held:*

(*a*) If the statements alleged in the petition to have been made by the attorney of the plaintiff to G., who represented B., were true (and the demurrer admits them to be true), they were sufficient to lull G. into

the belief that the attorney for the plaintiff was not seeking to subject the interests of the plaintiffs in these lands, and would not take a verdict and judgment subjecting these lands to the execution levied, but would only take a verdict and judgment subjecting the one-sixth undivided interest of the defendant in execution therein to the execution levied; and if G. relied upon them and for this reason did not take steps to sustain the title of claimants, and if after making these statements the attorney for the plaintiff, with knowledge that the defendant in execution owned only a one-sixth undivided interest in these lands and that the claimants claimed the other interests therein, took a verdict and judgment subjecting these lands to the execution levied, this was such a fraud or imposition upon the claimants as would authorize a court of equity to set aside the verdict and judgment. *Markham* v. *Angier*, 57 *Ga.* 43; *Dodge* v. *Williams*, 107 *Ga.* 410 (33 S. E. 468); *Bigham* v. *Kistler*, 114 *Ga.* 453, 457 (40 S. E. 303); *Hall* v. *Lockerman*, 127 *Ga.* 537 (56 S. E. 759).

(*b*) In the circumstances these statements to G. would have the same effect as if made to B. or the claimants.

(*c*) There is nothing to show that the claimants or their attorney, or the latter's representative, were guilty of such negligence as would bar the claimants from filing a petition to set aside the verdict and judgment because of such fraud. *Bigham* v. *Kistler*, supra.

5. The proper practice in a claim case, where the claimant fails to put in an appearance, would be either to dismiss the claim, or to permit the plaintiff to make out his case, when he would be entitled to a verdict subjecting the property. *National Furniture Co.* v. *Edwards*, 105 *Ga.* 240 (31 S. E. 161); *Bank of Southwestern Georgia* v. *Empire Life Insurance Co.*, 10 *Ga. App.* 320 (73 S. E. 597).

6. The petition contains no allegation or prayer which entitles the plaintiffs to partition of the lands in dispute, or which would entitle them to set aside the verdict and judgment upon the ground that they were recovered by mistake.

7. Under the rulings embraced in headnotes 2, 3, and 4, the court erred in sustaining the demurrer to the petition.

*Judgment reversed. All the Justices concur.*

No. 6050. NOVEMBER 22, 1927.

Equitable petition.   Before Judge Yeomans.   Miller superior court.   April 25, 1927.

*N. L. Stapleton,* for plaintiffs.   *W. I. Geer,* for defendants.