18567. BACON *v.* HINESVILLE BANK.

JENKINS, P. J. 1. Where an execution is levied upon personalty, and the property is claimed by a third person, the execution, with the entry of the officer, and the claim, form the pleadings, and it is not necessary for the plaintiff, on the trial of the right of property, to introduce the execution in evidence. Civil Code (1910), § 5167; *Nelson* v. *Brannon*, 32 *Ga. App.* 455 (123 S. E. 735).

2. "In the trial of a claim case, declarations of the defendant in execution, made up to the time of the levy and while he was in possession, that he owned the property. levied on, are admissible in evidence, if there is any evidence that he was in possession of the property at the time of the levy." *Smiley* v. *Padgett*, 123 *Ga.* 39 (50 S. E. 927). Such declarations, if made after the levy or while the defendant in fi. fa. was not in possession of the property levied on, are not only not admissible, but have no probative value, even if admitted without objection. *McSwain* v. *Estroff*, 34 *Ga. App.* 183 (129 S. E. 16). ·In a case where the declarations by the defendant in fi. fa. in favor of his title are admitted without objection, but where the record is silent as to when such declarations were made, they will be taken to have probative value, since it is the general rule that "the admission of a party to the record is admissible in evidence when offered by the other side (Civil Code, § 5776, and it is an exception to such general rule which excludes declarations by defendants in fi. fa. in claim cases after the pendency of litigation (Civil Code, § 5776 (4) ), and in the absence of any objection to the evidence of the kind indicated, it will not be presumed, as a matter of law, that the declarations were in fact made at a time such as would bring them within the exception to the general rule so as to render them inadmissible.

3. "Possession by the husband with the wife, in the family domicile, is presumably his possession, and possession is evidence of ownership." *Blount* v. *Dunlap*, 34 *Ga. App.* 666 (3) (130 S. E. 693).

4. The evidence in the instant case authorizes a verdict in favor of the plaintiff, finding the property subject, and a careful examination of the record discloses no error of law which would authorize a reversal of the judgment of the trial court overruling the claimant's motion for a new trial.     *Judgment affirmed. Stephens and Bell, JJ., concur.*

DECIDED JULY 13, 1928.

424

*John W. Sheppard,* for plaintiff in error.　*Ben A. Way,* contra.