## 24116. HALL *v.* NORTON.

STEPHENS, J. 1. On the trial of a claim by a wife to property levied on for a debt of her husband, where it appeared from the evidence that she was present when certain personal property was levied on and was informed that it was levied on as that of her husband, and that he at the time told her that he had a homestead on the property and that he could "hold it under his homestead," and she did not at the time make any statement indicating that the property belonged to her, and where some of the property, which was cotton, although it had grown upon land belonging to her, was made partly by the work of the husband and with money which he had borrowed to make the crop, which he had mortgaged to secure the loan, and where it appeared that the remainder of the property was a mule bought by the husband out of money which the wife had earned from her own labor in picking cotton for a third person, although the husband may have consented for the wife to have the proceeds of this labor, the inference was not demanded as a matter of law that the property levied on belonged to the wife, but an inference was authorized that it belonged to the husband. The verdict which found the property subject to the execution was authorized.

2. The fact that the jury found that other property levied upon, which consisted of an automobile bought by the wife and paid for out of money which she had earned for her services in picking cotton, was the property of the wife does not render invalid and unauthorized by the evidence the verdict which found that the other property levied on, which was the cotton and the mule above referred to, was not the property of the wife, but was the property of the husband and subject to the execution. The evidence authorized the inference that the husband himself bought and paid for the mule and that the wife herself bought and paid for the automobile. Although both the automobile and the mule may have been paid for out of money which the wife had earned for her own services in picking cotton, the money earned by the wife for her services belonged to the husband, and did not belong to her unless the husband gave it to her. The inference was authorized that the husband took for his own use the earnings of the wife, which he himself collected, and used them to buy the mule, and that he gave her the portion of the earnings which she herself used in paying for the automobile.

3. The court did not err in overruling the claimant's motion for a new trial.

*Judgment affirmed. Jenkins, P. J., and Sutton, J., concur.*

DECIDED MARCH 1, 1935.

*H. H. Anderson,* for plaintiff in error.