## 27060. BIGGERS *v.* WEBB.

DECIDED NOVEMBER 10, 1938.

*Glenn Roberts, R. F. Duncan,* for plaintiff.

*W. L. Nix,* for defendant.

FELTON, J. A common-law execution in favor of H. O. Biggers against G. L. Webb was levied on thirty acres of cotton, forty acres of corn, and three mules, as the property of G. L. Webb. Mrs. G. L. Webb filed a claim to the property. The evidence introduced on the trial of the claim was substantially as follows:

J. P. Mason testified, that he was the sheriff and that he levied the execution; that the property levied on was pointed out to him by Mr. Webb on the farm of Mr. Webb; that the mules were found

in the lot at the domicile and residence of Webb; that he did not know whose farm it was, but it was the old William Cooper home place; that Mrs. Webb had been the wife of Cooper; that the barn was on one side of the road, and the residence of Mr. and Mrs. Webb was on the other. Mrs. G. L. Webb testified that she married Cooper who died some years ago, and later married Webb; that at the time she married Webb he did not have any property; that she owned her farm on which they lived, and some mules, cows, and farming implements; that she bought the personal property; that she owned mules from that time up to the present; that some of the mules had been traded, and she has bought others; that after her marriage to Webb he did some of the buying of mules for her with her permission; that the mules levied on were her mules; that they were bought outright and paid for with the proceeds from her farm; that she has never surrendered possession of her property to anybody; that she was in possession of the crops levied on, and they were hers; that she rented to three tenants on halves; that her husband had no crop on her farm; that any money he made himself he controlled, but he did not buy any of the mules levied on; that they were bought with her money; that Webb bought the fertilizer to go on the crop, and supplies to run the tenants; that he bought fertilizer and supplies last year; that she thinks he bought from Mr. Biggers; that she thought he was paying cash; that she did not know in whose name he was buying; that Webb bought this black horse mule for her, and it was paid for out of the proceeds of the farm; that she and Webb had transacted business together; that she did not know whether she was solvent; that there were two judgments against her; that she and Webb obtained a loan on the crop levied on; that she signed the waiver, but did not know what it was that she signed; that she did not know to whom the checks were payable; that she did part of the buying, and Webb did part; that she did not know whether Webb borrowed any money to make the crop; that if he gave a mortgage on the mules in question, she did not know anything about it; that Webb bought the fertilizer to go on the crop; that she had nothing to furnish the croppers with this year but fertilizers, because they realized nothing out of the crop last year; that she did not authorize Webb to buy anything on time from Biggers, and did not authorize him to mortgage the mules.

M. E. Johnson testified, that he was a cotton buyer; that he knew William Cooper during his lifetime, and at his death bought in the dower for Mrs. Cooper, now Mrs. Webb; that he did not know of any property owned by Webb at the time he married Mrs. Webb; that he has bought cotton from Webb, and Webb had the checks issued in his name; that Webb put cotton in the warehouse in his name; that he loaned Mrs. Webb money to make crops and buy fertilizer and she would sign notes for the same, secured by mortgage on the land and live stock; that when he bought cotton from Webb he knew that it came from Mrs. Webb's farm; and that he has had no dealings with them for the past few years. G. L. Webb testified, that at the time he married the claimant he had no property, and had been able to accumulate none since that time; that he claimed and owned no title to the land on which they lived; that when he made purchases for the farm he was acting for his wife; that none of the crop levied on was his; that he executed a note to the bank and mortgaged one of the mules; that Mrs. Webb did not know it; that he did some of the trading; that he got about $500 from Mr. Biggers, and nothing was said about it being for his wife; that when he paid for the mules bought by him he paid with his personal check; that his wife had an account, but he did not have one; that sometimes she signed the checks and sometimes he signed them; that he thought the fertilizer and supplies bought by him were necessary in the operation of the farm; that he did not tell Biggers that he owned the farm; that he did not know whether Biggers knew that the mules and the farm belonged to his wife; that she did not know anything about the credit extended to him; and that he did not tell her about the mortgage to the bank.

T. S. Thompson testified, that he was a stock dealer; that in 1930 he sold Webb some mules; that Mrs. Webb had nothing to do with it; that he did not know who paid for all the mules, but he took three back from Webb on a debt; that they had a lawsuit over another one, and some one paid it for Webb, but Mrs. Webb did not pay it; that nothing was ever mentioned as to whether Webb or his wife paid for the goods he let Webb have.

Mr. Morgan testified, that he sold Webb two mules in 1932, for which a purchase-money note was executed, signed by Webb, which had not been paid in full; that he mailed a check in payment for the mules signed by himself; that he has never sold Mrs. Webb

any mules and did not know that she was claiming them. Mrs. Webb, recalled, testified that she did not know anything of the estate of the mother of Webb; and that he has had no income since she married him. H. O. Biggers, the plaintiff, testified, that the debt sued for was for fertilizer and supplies sold to George Webb; that he did not know anything about any claim that Mrs. Webb had to the stock or the crop; that the dealings were strictly between him and Webb, and had been for three years; that Webb told him to keep each tenant's account separate, and that he (Webb) would see that it was paid; and that Webb told him that he owned the mules in question and other property, and executed a mortgage on the mules.

Leon Berry testified that he lived on the Webb place, but he did not know who owned it; and that all of his dealings had been with Webb.

Mrs. Webb, recalled, testified that Webb did some swapping and trading for mules in the last few years; that she did not remember whether she gave him the money to pay cash for them or not; that she knew the mules were bought on time and had to be paid for later; that she knew that Webb bought fertilizer and supplies for the past year, and that it was done with her consent and knowledge; that she thought he got enough money from the government to buy the supplies, and she did not know that he bought on credit. Jonah Creek testified that he traded with Webb last fall; that Webb gave a mortgage note for the mule, and nothing was said about Mrs. Webb owning the mule; that he had known Webb for a long time, and knew that he did not own any property, and that the farm where the mule was found was the property of Mrs. Webb.

1. The court directed a verdict for the claimant, and plaintiff excepted. Under former rulings of this court, applicable to the facts in this case, it was error so to direct. It was a question for the jury as to whom the property belonged. *Long* v. *Putnam Oil & Fertilizer Works*, 132 *Ga.* 66 (63 S. E. 700); *Mobley* v. *Ocmulgee Guano Co.*, 40 *Ga. App.* 782 (151 S. E. 535); *Bacon* v. *Hinesville Bank*, 38 *Ga. App.* 422 (144 S. E. 125); *Lanier* v. *Bank of Portal*, 43 *Ga. App.* 828 (160 S. E. 550); *Remington* v. *Garrett*, 34 *Ga. App.* 715 (130 S. E. 831); *Lane* v. *Happ Brothers Co.*, 44 *Ga. App.* 577 (162 S. E. 519); *Hall* v. *Norton*, 50 *Ga. App.* 705 (179 S. E. 166).

2. It was not error for the court to refuse to permit the plaintiff to answer the question whether he sold Mr. Webb the fertilizer and supplies because he believed he owned the mules, for the reason that it does not appear from the evidence that Mrs. Webb had done anything to lead him to believe they were her husband's mules, or that she knew that her husband had done anything to lead any one to believe that they were his. What the plaintiff privately believed would not estop the claimant from asserting her ownership of the property.

3. Under the facts of this case it was error to refuse to admit in evidence a mortgage note executed by Webb to the First National Bank of Lawrenceville, conveying two mules answering the description of two of the mules levied upon. *Lanier* v. *Bank of Portal*, and *Mobley* v. *Ocmulgee Guano Co.*, supra.

4. It was error to direct the verdict for the claimant, and to overrule the motion for new trial.

*Judgment reversed. Stephens, P. J., and Sutton, J., concur.*