11388.  RUSHTON v. HALL & BROWN WOODWORKING MACHINE CO.

STEPHENS, J.  1. Where two parties by negotiations through written correspondence have arrived at an agreement which, without more, amounts to a complete contract, but immediately thereafter, and before the performance by either party of any act under the agreement, execute a formal agreement in writing containing other stipulations regarding the subject-matter in addition to those contained in the correspondence, the contract between the parties will be considered as having been completed only upon the execution of the formal written agreement, and the latter will be regarded as the contract. It is not void for want of consideration upon the ground that at the time of its execution the promisor was already bound to the promisee under another contract. See, in this connection, 1 Williston on Contracts, § 28; 7 Am. & Eng. Ency. of Law (2d ed.), 139.

2. Where the signature of the maker of a written instrument purports to have been witnessed by a subscribing witness, any error in admitting the instrument in evidence without producing the subscribing witness is cured when the maker afterwards in his testimony admits the execution of the instrument.

3. Where such a formal contract contains certain stipulations against the interest of the purchaser which were not contained in the preliminary negotiations, a statement made by the seller to the purchaser, to the effect that the seller desired that the contract be placed in formal shape for his convenience in keeping a record of the transaction, cannot amount to a fraud on the purchaser upon the ground that by such statement he was induced to execute the instrument containing such stipulations. It not appearing that the other representations relied on by the purchaser as fraudulent were false, the defense that the execution of the contract was induced by fraud is not sustained.

4. "When the written contract for the sale of an article provides that the retention of the article for a given time after the date of shipment shall constitute a trial and acceptance and be a conclusive admission of the truth of all warranties, the mere fact that within the time stipulated notice of dissatisfaction has been given to the seller, but notwithstanding the article has been retained, will not have the effect to relieve the buyer from the force of the terms of the written contract." *Fay & Eagan Co.* v. *Dudley,* 129 *Ga.* 314(2) (58 S. E. 826).

5. In a suit by the seller against the purchaser to recover the purchase-money for the property sold under the contract, a verdict for the plaintiff was properly directed.

*Judgment affirmed. Jenkins, P. J., and Hill, J., concur.*

DECIDED MARCH 4, 1921.

Complaint; from Campbell superior court — Judge Hutcheson. February 5, 1920.

*Johnson & Scott,* for plaintiff in error.

*W. S. Dillon, C. M. Lancaster, W. J. Davis Jr.,* contra.