No. 22.—BENJAMIN F. WHITE, plaintiff in error, *vs.* JAMES T. WALLEN, defendant in error.

[1.] The order in which evidence is to be introduced, is for the discretion of the Court.

[2.] A party moves for a new trial on the ground of newly discovered evidence, and supports his motion by an affidavit of his own, in which he swears that A had told him that he, A, had heard B say that he, B, had heard the other party say that which is presented as the newly discovered evidence : *Held,* that the ground of the motion is not sufficiently verified.

Complaint, in Harris Superior Court.    Tried before Judge CRAWFORD, at September Term, 1854.

Wallen sued White on a note for $125, payable to Igon or bearer.    The defence was, partial failure of consideration.    On the trial, defendant introduced a witness to prove the failure of consideration, which, on motion, the Court rejected until defendant first proved that the note was transferred after due. To this decision defendant excepted.    Defendant proved by one Wilkinson that a person representing himself as the agent for Igon presented the note for payment in his presence ; he thought in the Spring of 1852 ; he was not certain when.    The note fell due in June, 1852.    Defendant then offered again to

White *vs.* Wallen.

prove the failure.   The Court rejected the evidence, and defendant excepted.

Defendant moved for a new trial, on the ground of newly discovered evidence in this—that the defendant has been informed, since the trial, by one Benjamin Miller, that one Dennis Miller told him that Igon had acknowledged to him, since the commencement of the suit, that he was still the owner of the note.   The affidavit of defendant verified this motion.   The Court refused the motion, and defendant excepted.

On these several exceptions error has been assigned.

MOBLEY & HILL, for plaintiff in error.

RAMSEY & KING, for defendant in error.

*By the Court.*—BENNING, J. delivering the opinion.

[1.] The order in which a party is to introduce his evidence, is to be regulated by the discretion of the Court.

In this case, no special reason was assigned to the Court, for the wish to prove, first of all, the partial failure of consideration pleaded.   Had any such reason been assigned, it would, it is to be presumed, have been listened to by the Court.   The refusal of the Court, therefore, to let proof of the partial failure of consideration come first, is not to be disturbed.

So the second refusal to admit the evidence, is not to be disturbed.   When this refusal was given, the state of the defendant's case, with respect to proof, had not changed.   He had tried to prove the note not to have been transferred, until after it had become due; but he had failed to prove it.

The ground of the motion for a new trial, viz: newly discovered evidence, was not sufficiently verified.   In addition to the affidavit of the party himself, there should have been the affidavit of one, if not of both the Millers.

In disregarding a motion resting on no better a foundation than this, we cannot see in what the Court erred.