McCurdy *vs.* Terry.

---

DAVID R. McCURDY, plaintiff in error, vs. WM. TERRY, defendant in error.

$\frac{33}{118}$ $\frac{49}{764}$

1. A party, plaintiff or defendant, may begin at either end of his testimony, upon the assurance of counsel, that he expects to supply all the links in the testimony necessary to make out his case.

2. When a case is in the last resort, testimony taken by interrogatories and commissions, can only be objected to on the ground of irrelevancy.

3. In a suit brought to recover notes given for a negro slave, a receipt given by the vendor to the vendee, for the purchase price of the slave, is admissable in evidence, although the receipt contains no covenant of warranty.

4. The refusal of the Court to suspend the trial and continue a case, to enable a party who is surprised by the testimony of a witness, to obtain evidence to impeach him, is not a sufficient ground for a new trial.

5. A witness who is interested in the event of the suit, is incompetent to testify in behalf of the party with whom his interest lies.

6. An attorney at law, without special authority, is not competent to release a witness for his client.

7. It is not error for the Court to refuse to suspend the trial, and con-

tinue a case, in order to enable an attorney to obtain from his absent client, a release to a witness. This is especially so, where the client was apprised of the necessity of the release.

8. The refusal to charge what is not law, is no ground for a new trial.

9. Newly discovered evidence which is merely cumulative, and which ought not to change the verdict if admitted, is no ground for a new trial.

Action of Assumpsit.   In Forsyth Superior Court.   Tried before Judge GEORGE D. RICE.   At August Term, 1860.

The following is a condensed statement of the facts and questions presented by the voluminous record in this case, to-wit:   Some short time before the 19th of June, 1857, Samuel Rawlins, who was a keen, shrewd trader, residing in the county of Gwinnett, sent a message to one James F. Cockerell, to bring old man Terry over to Rawlins' house, to a big hard-shell meeting, which Rawlins afterwards said he knew was not to take place when he sent the message. Cockerell, however, did go from Terry's residence, in Forsyth county, to Rawlins', in company with Terry, and on the 19th of June, 1857, Rawlins sold to Terry a negro man by the name of Harry, about fifty or fifty-five years of age, and worth, if sound, about $400 00 or $450 00, for the sum of $800 00.   The trade was closed by Terry executing and delivering to Rawlins, sixteen promissory notes, for $50 00 each, all bearing date, the day and year aforesaid, to become due the 25th December, 1857, and payable to Samuel Rawlins, or bearer, and by Rawlins executing and delivering to Terry, a receipt, of which the following is a copy:

"Received of William Terry, eight hundred dollars, in full payment for the negro man, Harry.   19th June, 1857.

"SAMUEL RAWLINS."

Terry was a very old man, being at the time, eighty or ninety years old, whose business was transacted by his sons. The sale of the negro occurred on Friday, at Rawlins' residence, in Gwinnett county, and the negro was left with Rawlins, as Cockerell and Rawlins' son testify, because his clothes were at his wife's house, and Terry could not conveniently

carry him home, as Cockerell was in the buggy with him. Rawlins was to send the negro to Terry on the Friday following the trade, but in consequence of the negro's affliction with flux, or bloody dysentery, which was then prevalent in Rawlins' family, he concluded to send the negro to Terry on Monday, as he himself avowed, for fear the negro might die. The negro was very sick on the way, and was discharging blood from his bowels. On Wednesday a physician was called to see him, who testified that he was very sick, and must have had flux or bloody dysentery, for a week or ten days previous to that time. The negro did no work after he came to Terry, and continued sick for a short time and died. Pending his sickness two of Terry's sons went to see Rawlins, and made an effort to induce Rawlins to rescind the trade, but he refused to do so. Rawlins' son, and one of his tenants, assert that the negro was sound when the trade was made, others who knew the negro, testified that they did not deem him a sound or healthy negro.

On the 10th day of August, 1857, Rawlins sold or pretended to sell, the notes on Terry to the plaintiff, David R. McCurdy. The terms of the sale, as testified to by McCurdy, himself, were: that Rawlins gave him the notes on Terry, and one hundred dollars in cash, for his, McCurdy's, for $850 00. Terry was good for the sum of his notes, and possessed much more property than McCurdy. McCurdy testified that he received the notes in good faith, and had no notice of any defence to them, whilst the defendant proved by one witness that McCurdy said that he did not care a damn whether he collected the notes or not, that Rawlins had only hired him to collect the notes and agreed to give him fifty dollars for his services.

Under his plea of failure of consideration, the first proof offered by the defendant was evidence going to show the fraud and deceit practised by Rawlins in the sale of the negro to Terry. This evidence was objected to by the plaintiff's counsel, on the ground that such a defence could not be set up until it was shown that McCurdy bought the notes after they were due, or that he had notice of the defence.

McCurdy *vs.* Terry.

The objection was overruled, and the evidence admitted, upon a statement by defendant's counsel, that he expected to show notice to plaintiff of the failure of consideration. This decision of the Court was excepted to by counsel for plaintiff.

The defendant also offered in evidence the depositions of Robert Watson, to the reading of which plaintiff's counsel objected on the ground, that the interrogatives to which the depositions responded, were taken from the Clerk's office, and re-executed without order of Court for that purpose, and that the answers proposed to be read were different from the first answers to the interrogatories, which were suppressed because of a defect in the manner of taking them. The Court overruled the objection and admitted the depositions, on the ground that as the case was on the appeal, and in the last resort, the objection should have been taken before the case was submitted to the jury. To this ruling the plaintiff's counsel excepted.

When the receipt from Rawlins, to Terry, for the purchase price of the negro was tendered in evidence, counsel for plaintiff objected to the same, on the ground that it contained no covenant or warranty. The objection was overruled by the Court, and plaintiff excepted.

Pending the trial, defendant introduced Stephen McGinness as a witness, who testified, amongst other things, that the plaintiff, McCurdy, told him that he purchased the notes from Rawlins with the understanding that if they were not collected out of Terry, that he, Rawlins, would make them good to McCurdy. The witness also testified, on cross-examination, that he was examined as a witness on a former trial of this case, and did not then testify to this conversation with the plaintiff, and gave as a reason, that he was not interrogated on that subject. Counsel for plaintiff moved, at this point, to suspend the trial and continue the case, on the ground that they were surprised by the testimony of McGinness to a material and controlling point in the case, which he did not disclose on his former examination as a witness, and that they desired time to obtain the testimony of wit-

McCurdy *vs.* Terry.

nesses to impeach him, which the counsel stated in their place, that they could and would do, by various witnesses in Gordon county, where McGinness resided.   Counsel also stated that they could and would contradict the testimony contained in the depositions of Robert Watson, by one George W. Rogers, if the Court would continue the case, and thus give them time to obtain the testimony.

The Court refused to continue the case, and plaintiff excepted.   Pending the trial plaintiff offered Samuel Rawlins as a witness, to prove that the negro was sound when sold to Terry, that there was no deceit in the trade, and that McCurdy was an innocent purchaser of the notes before they were due, and without notice of any defence to them.   Counsel for defendant objected to Rawlins' testimony on the ground that being interested in the event of the suit, he was an incompetent witness.   The Court sustained the objection, and rejected the witness, although he stated on his *voir dire* that he had no interest in the case, the Court holding, that the evidence in the case showed that he was interested.   To this decision the plaintiff excepted.   J. N. Glenn, one of the attorneys of the plaintiff, then stated, in his place, that his client was not in attendance upon the Court, and had been for some time in extremely bad health, and proved by Rawlins, that he had a letter from plaintiff announcing himself sick, and under these circumstances said attorney proposed to release the witness, but the Court held that he could not do so without proper authority, and plaintiff excepted.

Counsel for plaintiff then moved to continue the case, in order to obtain a release of the witness, from the plaintiff himself, which motion the Court overruled, and the plaintiff excepted.

Counsel for the plaintiff requested the Court to charge the jury, "that the evidence of two witnesses to the fact that the negro was sound at the time of the sale, should outweigh the opinion of a physician, who saw him five or six days afterwards, as to his soundness when he was sold."

This charge the Court declined to give, and plaintiff excepted.   The jury returned a verdict for the defendant.

Plaintiff's counsel then moved the Court to set the verdict aside, and award a new trial of the case, on the ground that the Court erred in the several decisions and rulings aforesaid, and also on the ground, that the verdict was contrary to law, contrary to evidence, and strongly and decidedly against the weight of evidence, and also on the ground of newly discovered evidence.

In support of the last ground for a new trial, the plaintiff presented an affidavit sworn to by A. C. Ford and W. H. Ford, stating that in the summer of 1858, the defendant said in their presence, that he had bought a negro man by the name of Harry, from Samuel Rawlins, the summer before, and the negro died in a week after the purchase, with flux, and his boys were trying to get shut of his having the notes to pay, and that they were wrong, for the negro was well and hearty when he bought him, and he would have paid for him and never said a word, if it had not been for the boys, that everybody had to die, and no telling how quick.

Also an affidavit sworn to by the plaintiff and his attorney, stating that they were not aware of the testimony embodied in the affidavit of the two Fords, until after the trial of this case.

After argument had on their motion, the presiding Judge refused the new trial, and the plaintiff now prosecutes this writ of error to reverse that judgment.

H. P. BELL and J. N. GLENN, for plaintiff in error.

G. N. LESTER and R. P. LESTER, for defendant in error.

*By the Court*—LUMPKIN, J., delivering the opinion.

Samuel Rawlins sold to William Terry, a negro man named Harry, for which he gave him sixteen fifty dollar notes. Rawlins transferred the notes to David R. McCurdy, who brought this action upon them. The defendant pleaded a failure of consideration, and knowledge of the fact by the plaintiff before he became the holder of the notes. In other words, that he was not a *bona fide* holder. The plaintiff read

the notes to the jury on the trial, and closed his case. The defendant proposed offering evidence to show that the consideration of the notes sued on had failed, which was objected to, until notice was brought home to the plaintiff. The objection was overruled by the Court, and we think, properly. It has been again and again ruled by this and all Courts, that a party, plaintiff or defendant, may begin at either end of his testimony, upon the assurance of counsel, that he expected to supply all the links in the testimony necessary to make out his case.

The defendant offered to read the deposition of Robert Watson, to certain interrogatives, which was objected to on the ground that the interrogatories had been once answered, and the answers suppressed by order of the Court, and that they had been, after that, taken from the Clerk's office and re-executed before different commissioners, without leave of the Court, or notice to the other party. What of that? The case was submitted to the jury, and the statute is imperative that, that being the case, the interrogatories could only be objected to on the ground of irrelevancy. We must presume that they were in the office in time to make the objection.

We cannot see the point of the objection to the reading of the receipt for eight hundred dollars paid by Terry to Rawlins, for the negro. To proof of the request by Rawlins, to Cockerell, to bring old man Terry over to attend a "big hard-shell meeting" which never came off, plaintiff objected, and we think he was right in trying to exclude this testimony, as it was the commencement of this nefarious fraud. But the Court, for that reason, was equally right in overruling the objection. Plaintiff being surprised by the testimony of Stephen McGinness, moved to continue the case, to prove the general bad character of the witness, which probably he could have done, the name being suggestive. But this would have constituted no ground for a new trial, after verdict, and we think it was not sufficient to continue the case. Samuel Rawlins was properly excluded as a witness. If the notes were lost by McCurdy, on account of the failure of consideration, Rawlins was clearly liable to make good

the loss.   Neither was it competent for the attorney to release him.   It does not come within the scope of his employment. Neither could the case be continued to get McCurdy there, for that purpose.   For counsel had talked the matter over with his client, and he gave him verbal authority to execute a release.   He was apprised of the necessity of it.

As to the charge requested of the Court, it was not warrented by the evidence.   Besides it was not a matter of law. The jury might, had they seen fit, have believed the testimony of the physician, in opposition to that of the two witnesses to the transaction, without violating any principle or rule of law.

As to the newly discovered evidence, in addition to the objection, that it was cumulative merely, the Court is satisfied, that it could not change the verdict, and that it ought not to have that effect.   The testimony unmistakably establishes, that not only a most wicked fraud was practiced by Rawlins on Terry, but that he still is the owner of Terry's notes, the transfer to McCurdy being colorable only.

Let the judgment be affirmed.