Dawson *vs.* Ivy & Garrard.

---

WILLIAM C. DAWSON, plaintiff in error, *vs.* IVY & GARRARD, defendants in error.

BY TWO JUDGES.—A suit against a warehouse man for failing, in 1866, to deliver to plaintiff two certain bags of cotton, which had, in 1864, been deposited in defendant's warehouse, under a contract then made to deliver them when called for, is not within the provisions of the Act of October 13th, 1870, in relation to the payment of taxes. Until the demand and failure to deliver there was no taxable debt, owing from the defendant to plaintiff. 5th March, 1872.

Taxes. Relief Act of 1870. Tried before Judge JOHNSON. Muscogee Superior Court. May Term, 1871.

Dawson averred that, in 1864, he delivered to Ivy & Garrard, as warehousemen, for safe keeping and redelivery to him on demand, certain cotton, that he demanded the same from them on the 1st of January, 1866, and they did not deliver it. He filed no affidavit as to taxes being paid on said debt. For want of such affidavit, defendant's council moved to dismiss the cause. Plaintiff's council replied that plaintiff resided out of the State, and did when said contract was made, (which

he was prepared to prove) and said, besides this, that the cause of action arose since June, 1865, and therefore the Act of 1870 did not apply to it. The Court dismissed the cause. That is assigned as error.

PEABODY & BRANNON, for plaintiff in error, relied upon Winter *vs.* Epping, June Term, 1871.

No appearance for defendant.

MCCAY, Judge.

In the view we have taken of the Act of October 13th, 1870, we have considered the Act only to apply to such debts as were taxable before the 1st of June, 1865; that is, such debts then existing as taxable property, and the test we have applied has been, was the right of action now sued on a taxable debt, due or undue, before the 1st of June, 1865?

This case and the case of *The Southern Express Company*, at this term, present this point distinctly. In this case the defendants had undertaken, by *contract*, to keep safely and deliver to the plaintiff two bags of cotton. Evidently here was no debt taxable, so long as the cotton was safely kept and ready for delivery. The cotton was the property of the plaintiff, and the presumption is that he gave that in and paid the taxes thereon until it was lost or converted. So that he had nothing but his right of action on the contract of the warehouseman. That, in this case, became evident only on a demand for the cotton and a failure or refusal to deliver, and this failure did not take place until after June, 1865. In the other case, the Southern Express Company had broken its contract before 1865. The goods were gone, the owner would never think of paying taxes on them. He had only his debt or right of action on the contract of the company, and we see no reason why that was not, under the circumstances, just as much property subject to taxation as any other property. True, it depended upon proof as to whether

the company had or had not kept its obligation, but this is the case with all debts. The difference is only in the mode of proof. This debt against *the company* existed as property before June, 1865, and comes within the rule.

Judgment affirmed.