### Webb v. The State.

Fish, C. J. 1. The court instructed the jury: "If it should appear that the name of the party killed, the deceased, was spelled Welsh, instead of Welch, or vice versa, these two words are idem sonans in law, and therefore it is immaterial whether his name in this indictment is spelled properly or improperly, so far as that feature of the case is concerned." There was no error in this instruction. The law does not regard the spelling of names so much as their pronunciation or sound. Under the doctrine of idem sonans, if two names, although spelled differently, sound alike, they are to be regarded as the same. Great latitude is allowed in the spelling and pronunciation of proper names, and in all legal proceedings, whether civil or criminal, if two names, as commonly pronounced in the English language, are sounded alike, a variance in their spelling is immaterial. 29 Cyc. 72; Words and Phrases (2d S.) 928; *Roland* v. *State*, 127 *Ga.* 401 (56 S. E. 412), et cit.; *Watkins* v. *State*, 18 *Ga. App.* 500 (89 S. E. 624), et cit.

2. The court did not err in failing to instruct the jury that they were judges of the law and the facts. *Jones* v. *State*, 136 *Ga.* 157 (2) (71 S. E. 6); *Davis* v. *State*, 136 *Ga.* 798 (72 S. E. 157), et cit.; *Brannon* v. *State*, 140 *Ga.* 787 (5), 788 (80 S. E. 7).

3. An excerpt from the charge excepted to was this: "Voluntary manslaughter is the killing of a human being without malice, either expressed or implied, and without any mixture of deliberation whatever, upon the sudden heat of passion." The exception was that the instruction "restricted the issue of voluntary manslaughter to a killing under sudden heat of passion," and excluded the doctrine of killing under reasonable fears. The exception is without merit. The court charged in the language of the Penal Code, §§ 64, 65, defining the offense of voluntary manslaughter, and the excerpt to which exception was made is a part of the definition.

4. Another complaint was that the court failed to instruct the jury "that a killing under the influence of the fears of a reasonable man that he was in danger of bodily harm amounting to less than a felony would constitute the offense of voluntary manslaughter." Even if the evidence authorized such an instruction, failure to give it, in the absence of a timely written request, was not error. *Futch* v. *State*, 137 *Ga.* 75 (2a), 76 (72 S. E. 911); *Ellison* v. *State*, 137 *Ga.* 193 (6), 194 (73 S. E. 255); *Gaillard* v. *State*, ante, 190 (99 S. E. 629).

5. Another charge excepted to was as follows: "Under the definition of murder, and malice connected therewith, you look and see whether the defendant killed the deceased under circumstances which would make it murder. See whether he acted with malice in his heart, either expressed or implied, and whether he acted without circumstances either of mitigation or justification; and if he did, and all those things concur, then it becomes your duty to find him guilty." The criticisms on this instruction were that it was "argumentative and unduly stressed the State's theory of the case," and that the language, "then it becomes your duty to find him guilty," was an expression of opinion on the part

of the court. Clearly the instruction was not fairly subject to the criticisms made.

6. The objection to the testimony of several witnesses as to certain matters on the ground that it was irrelevant, immaterial, and prejudicial to the defendant was manifestly without merit, and requires no further consideration.

7. It was not error to admit the testimony of one of the witnesses for the State as to statements made by the defendant after the homicide, tending to connect him therewith, over the objection that the witness did not sufficiently identify the defendant.

8. Failure "to charge the jury on the subject of a killing by accident or misadventure" was not error. No request was made for such an instruction, and moreover the evidence did not authorize it.

9. The alleged newly discovered evidence was merely cumulative and impeaching in character, and not such as to be cause for the grant of a new trial.

10. The evidence authorized the verdict, and the court did not err in refusing a new trial.

*Judgment affirmed. All the Justices concur, except Beck, P. J., absent.*
No. 1293. June 14, 1919.

Indictment for murder. Before Judge Wright. Floyd superior court. January 8, 1919.

*M. B. Eubanks* and *Denny & Wright,* for plaintiff in error.

*Clifford Walker,* attorney-general, *Claude H. Porter,* solicitor-general, and *M. C. Bennet,* contra.