### 16904.   PALMER-MURPHY CO. *v.* RAWLINGS.

Since the plaintiff could not have recovered without showing the receipt by the defendant of notice of "the time of expected arrival" at the port of Savannah of the nitrate contracted for, and since the evidence failed to show affirmatively that the defendant received either of the two letters by which alone it was sought to show such notice, the verdict for the defendant was correct.

(*a*) Errors were committed during the course of the trial, but, in view of the foregoing conclusion, they are immaterial.

DECIDED MARCH 3, 1926.

Action for breach of contract; from city court of Sandersville —Judge Goodwin.   October 5, 1925.

*Evans & Evans, Whitman & McCowen,* for plaintiff.

*E. W. Jordan, J. J. Harris,* for defendant.

LUKE, J.   Palmer-Murphy Company sued C. G. Rawlings for breach of a written contract whereby he contracted to purchase from the plaintiff 200 tons of nitrate of soda.   Savannah was the port of delivery, and the contract provided that the buyer was to give shipping instructions "promptly after notice of time of expected arrival" of the nitrate at Savannah, and that failure to give such instructions might, at the seller's option, be deemed refusal to take the nitrate.   There was a verdict for the defendant, and the overruling of plaintiff's motion for a new trial is complained of.

The plaintiff undertook to show notice to the defendant of the expected arrival of the nitrate, by two letters designated in the record as "D" and "E."   J. L. Palmer, the plaintiff's president, swore unqualifiedly that both letters were properly addressed, stamped, and mailed.   However, he further swore that his asso-

---

Appeal and Error, 4 C. J. p. 649, n. 36.
Evidence, 22 C. J. p. 98, n. 9; p. 99, n. 13; p. 100, n. 26.

ciate in business, Mr. Murphy, wrote letter "D"; that he did not know whether he or Mr. Murphy mailed it, and that he knew it was stamped and mailed just as well as if he had "done it" himself.  In regard to letter "E," Mr. Palmer swore that he wrote it, and further: "I couldn't swear that I physically mailed it, but I am sure it was mailed."  Mr. Murphy was not sworn. While the foregoing is not all of the plaintiff's evidence in regard to these letters, it is a fair summary, and is, in our opinion, enough to indicate that it was in large measure conjectural and opinionative, and insufficient to raise the presumption that the letters were received by the defendant, by affirmatively showing that they were properly addressed, stamped, and mailed.  See *Rawleigh Medical Co.* v. *Burney*, 25 *Ga. App.* 20 (102 S. E. 358).

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*