### 21048. CHEEVES *v.* AYERS.

DECIDED JUNE 15, 1931.

*Boykin & Boykin,* for plaintiff.
*Smith & Millican,* for defendant.

BELL, J. In the instant case the plaintiff, I. F. Cheeves, alleged that on February 22, 1924, he "deposited with J. H. Pope, who is now dead, and A. Ayers nine bales of cotton, weighing 4174 pounds, under an agreement that the depositaries would pay the plaintiff the value of the cotton "on call." The suit was brought against Ayers alone, to recover $831.86, alleged to be the value of the cotton on January 13, 1930, the date when the plaintiff claims to have called on Ayers for payment. The defendant denied the allegations of the petition, and further pleaded: that he was "never in partnership with J. H. Pope, and that plaintiff never at any time placed any cotton with J. H. Pope and this defendant on call; that the cotton sued for, to wit 9 bales totaling

4174 pounds of cotton, was never placed on call with defendant and J. H. Pope, and this defendant is not indebted to plaintiff in the manner and form set out or in any manner and form whatsoever, and that he does not owe plaintiff anything."

The trial resulted in a verdict for the defendant, and the plaintiff excepted to the overruling of his motion for a new trial as amended. In the amendment to the motion error is assigned on two extracts from the charge of the court, and also upon the overruling of the plaintiff's objections to certain testimony.

Counsel for the plaintiff in error argue the general grounds of the motion for new trial, and contend that a verdict for the plaintiff was absolutely demanded by the evidence and that the court therefore should have granted a new trial irrespective of the errors alleged to have been committed during the trial, although the special grounds of the motion are also earnestly insisted upon. After a careful consideration of the record, we have reached the conclusion that, on the contrary, the evidence demanded the verdict for the defendant as returned, and that the errors specially complained of, even if committed as claimed, could not have changed the result.

Assuming that the evidence established as a matter of law that the contract was made and entered into by the defendant as alleged in the petition, we think it was necessary for the plaintiff to prove the alleged call, and that the evidence was legally insufficient for this purpose. The only evidence upon this point was a letter purporting to have been written by the plaintiff's attorneys to the defendant and others, on January 13, 1930. This letter was admitted in evidence without objection, but there was no proof that it was addressed, stamped, and mailed, and, under repeated adjudications, evidence that a letter was written to a given person is insufficient to authorize an inference that he received it, unless the evidence shows also that it was properly addressed, duly stamped, and mailed. *National Building Association* v. *Quin,* 120 *Ga.* 358 (3) (47 S. E. 962); *Bankers Mutual Casualty Co.* v. *Peoples Bank,* 127 *Ga.* 326 (2) (56 S. E. 429); *Rawleigh Medical Co.* v. *Burney,* 22 *Ga. App.* 492 (96 S. E. 578); *Rawleigh Medical Co.* v. *Burney,* 25 *Ga. App.* 20 (102 S. E. 358); *National Bond Co.* v. *Bush,* 37 *Ga. App.* 277 (140 S. E. 41).

The defendant testified that if he received the letter in question,

he had no recollection of it. If the evidence for the plaintiff had been sufficient to warrant the inference that the letter was in fact received, this uncertain statement by the defendant would perhaps have been of little or no value in rebuttal; but, at most, it is a mere failure to deny, and does not amount to an admission. Thus, it tended in no degree to establish that which the plaintiff had the burden of proving, and as to which the plaintiff's evidence was silent.

We can not agree that the filing of the suit amounted to a sufficient demand or call. "No demand is necessary to the commencement of an action, except in such cases as the law or the contract prescribes." Civil Code (1910), § 5512. But the contract here sued on provided that the depositaries would pay the value of the cotton "on call," and under this condition they could not be held liable until the call was made. As a general rule, a demand is a condition precedent to suit where it constitutes an essential element of the cause of action, as where there is no precedent debt or duty, and the defendant can not properly be said to be in default until a demand has been made. In such a case the plaintiff can not wait and fix the liability merely by filing the suit. *Montgomery* v. *Evans*, 8 *Ga.* 178; *Hotchkiss* v. *Newton*, 10 *Ga.* 560 (1); *Dawson* v. *Ivy*, 45 *Ga.* 22; *Winter* v. *Epping*, 43 *Ga.* 593; *Gilbert* v. *Marshall*, 56 *Ga.* 148; *Pusey* v. *McElveen*, 93 *Ga.* 773 (21 S. E. 150); *Patterson* v. *Blanchard*, 98 *Ga.* 518 (2) (25 S. E. 572); *Vandalsem* v. *Caldwell*, 33 *Ga. App.* 88 (125 S. E. 716); 1 C. J. 979; 39 Cyc. 1913; 9 Am. & Eng. Enc. Law, 198. Furthermore, there was no evidence of the value of the cotton on the day the suit was filed, or at any other day except on January 13, 1930, which was approximately four months before the action was commenced.

Since the verdict for the defendant was demanded by the evidence as a matter of law, any errors in the charge of the court were harmless to the plaintiff. The testimony admitted over objection had no reference to the question of whether the plaintiff had made the call as alleged in the petition, and if the objection had been sustained and this evidence excluded, the verdict for the defendant would still have been the only possible legal result. It follows that the court did not err in refusing a new trial.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*