## 24422. PRUDENTIAL INSURANCE COMPANY OF AMERICA *v.* FRANKLIN.

JENKINS, P. J. 1. "Before the presumption of the receipt of a letter by the addressee arises, the evidence must affirmatively show that the letter was written, properly addressed and stamped, and mailed." *Rawleigh Medical Co.* v. *Burney*, 25 *Ga. App.* 10 (102 S. E. 358); *Ailey* v. *Lindale Co-operative Store*, 33 *Ga. App.* 63 (3), 64 (125 S. E. 717); *Cheeves* v. *Ayers*, 43 *Ga. App.* 454 (159 S. E. 299). Such a presumption is not conclusive, and "is entirely overcome by the uncontradicted evidence of the addressee that the letter was never received by him, unless there is aliunde evidence that it was in fact received." *Home Insurance Co.* v. *Head*, 36 *Ga. App.* 779 (138 S. E. 275); *Rawleigh Medical Co.* v. *Burney*, supra; *Union Brokerage Co.* v. *Beall*, 30 *Ga. App.* 748 (3) (119 S. E. 533).

2. Where a debtor makes a payment to a supposed agent of a note creditor, without requiring the production of the note at the time of payment, so that by such production there will be an implication of the agent's authority, the burden is upon the debtor to show: (1) that the payment actually reached the hands of the creditor; or (2) that the payee was a general agent of the creditor for the collection of such paper; or (3) that the payee had special authority from the creditor to collect the particular payment. Code of 1933, § 4-308; *Bank of the University* v. *Tuck*, 96 *Ga.* 456, 465 (23 S. E. 467); *Dibble* v. *Law*, 141 *Ga.* 364, 366 (80 S. E. 999); *Star Furniture Co.* v. *Dubberly*, 46 *Ga. App.* 178 (167 S. E. 207); *Lane* v. *Bank of Thomasville*, 23 *Ga. App.* 275 (97 S. E. 884).

3. The provision of the Code, § 4-301, that "the agent's authority will be construed to include all necessary and usual means for effectually executing it," has reference to both special and general agents. *Bass Dry Goods Co.* v. *Granite City Mfg. Co.*, 119 *Ga.* 124, 126 (45 S. E. 980).

4. Under the rules stated above, the plea of the defendant that his payment to the alleged agent and attorney of the plaintiff actually reached the hands of the plaintiff was not sustained, since it was not shown that the letter in which, as the alleged agent testified, he mailed the currency was either properly stamped or properly addressed, and since the evidence of the addressee that no such letter and cash enclosure was in fact received was undisputed. However, under the principles stated, the contention of the defendant that the undisputed payment was made

to an authorized agent of the plaintiff was supported by oral testimony and the correspondence. It appears that the plaintiff, in December 1931, in sending to their attorney the note and security deed here involved for foreclosure, and in instructing him as to the collection of this and twelve other obligations, constituted him its agent with full power to receive payments from these debtors. Even though the obligations of the defendant may have been actually returned by the local attorney to the plaintiff in March, 1932, together with his collection of a principal and interest installment due on October 1, 1931, and 1930 taxes, and despite the fact that the plaintiff in September, 1932, may have directed the defendant to remit the payment of interest then due to its office in Atlanta, Georgia, there was evidence going to show that prior to this return the defendant was shown his note and security deed in the hands of the attorney, and that after such return and interest notice the defendant again saw the note and deed in the possession of the attorney, and that the plaintiff, in February, 1933, communicated with the attorney by a letter in which it acknowledged receipt of a letter from the attorney, and stated the substance of the attorney's letter, as follows: "We have your favor of February 4th advising that the borrower in this case expects within a short time to be in a position to pay the loan in full. In view of this, we are today recommending to our home office that the principal of $1,870 be informally extended to October 1, 1933, thereby giving Mr. Franklin sufficient time in which to raise the money with which to pay same in full. *You, of course, understand that this principal sum bears interest at 8% from October 1, 1932.*" From the testimony of the defendant and from this communication, the jury could have reasonably inferred that the plaintiff was looking to the attorney to make the collection as indicated; it further appearing that the defendant was at no time informed by the plaintiff that he could not deal with and make payments to the attorney as its collecting agent until September 21, 1933, when for the first time it notified him that another attorney "is now our correspondent for Candler County, Georgia, and in the future will have supervision of all matters pertaining to your loan;" and that on April 8, 1933, prior to such notice, the defendant paid to the attorney the amount in question on account of the loan principal. The jury were thus authorized to find that the plaintiff was bound by this payment to the attorney as its agent, and should credit the payment on its indebtedness.

5. The court charged as follows: "If the [plaintiff] by any express agreement or contract, or writing, or expression of any kind, made any expression of any kind of that nature in establishing [the attorney] as their agent, of course that would establish it." Exception is taken to this language as too broad in stating what was necessary to create an agency. Exception is taken also to the instruction that, "if the insurance company has done certain acts which indicated, which imputed a knowledge to them of the full freedom of those acts, would impute and convey the idea and the fact that [the alleged agent] had been created the agent of the company, why, an agency may be created in that manner," upon the ground that, in order to establish the agency, "the conduct of the alleged principal would have to do more than merely indi-

cate that agency existed on the part of one who is alleged to have been an agent for the alleged principal." While these excerpts, taken by themselves, might not clearly set forth the rules dealt with, it does not appear that they were prejudicial to the plaintiff, especially since, immediately following them, the court fully and correctly charged the legal rules applicable to proving the authority of the alleged agent to receive payments, and the burden of proof with reference thereto.

*Judgment affirmed. Stephens and Sutton, JJ., concur.*

DECIDED MAY 9, 1935. REHEARING DENIED JULY 13, 1935.

*Fred T. Lanier, H. J. Quincey,* for plaintiff.
*W. H. Lanier, Kirkland & Kirkland,* for defendant.