30407. WEBB *v.* BIGGERS.

DECIDED APRIL 13, 1944. REHEARING DENIED MAY 9, 1944.

*W. L. Nix,* for plaintiff.  *R. F. Duncan,* for defendant.

GARDNER, J. ■ This is the second appearance of this case here. *Biggers* v. *Webb,* 58 *Ga. App.* 684 (199 S. E. 756). On the first trial, a verdict was directed in favor of the claimant, and the plaintiff excepted. This court held that the direction of a verdict was error. That opinion was based on the ground that the evidence was conflicting, and that whether the property was subject was a jury question. The evidence then and now is practically the same, if indeed it is not now more favorable to the plaintiff in fi. fa. than on the former trial. We will not set forth the substance of the evidence here; but deem it sufficient to refer to the former decision of this court as setting forth the evidence sufficiently. The evidence sustains the finding of the jury that the property is subject, and the overruling of the motion for new trial on the general grounds was not error for any reason assigned.

■ (*a*) Special ground 1 complains of the admission of certain evidence in favor of the plaintiff over the objection of the claimant. This testimony was to the effect that counsel for the plaintiff inquired of the claimant while she was a witness on the stand if a guano company had not obtained a judgment against her in 1932 or 1933, whereupon counsel for the claimant objected to the admission of such testimony on the ground that it was irrelevant and immaterial, and threw no light upon the issues involved in the case. In response to this objection counsel for the plaintiff stated that he intended to connect it up, and show that the claimant became insolvent, and for this reason turned the property in question over to the defendant in fi. fa. In view of the statement made by counsel for the plaintiff that he would connect the evidence up in such a way that it would be material and relevant, the court admitted the evidence. Counsel for the plaintiff failed to so connect it, after having proceeded with the examination of the witness. Counsel for the claimant did not thereafter call the attention of the court to this testimony, and did not request that it be eliminated from the consideration of the jury. We may conclude that the assignment of error in this ground is sufficient to present the question raised and still it would import

no merit. This is true for the reason that when evidence is admitted provisionally by the court and the proviso is not met by the opposite party it is incumbent upon the movant to again call the matter to the attention of the court and invoke a ruling thereon. In *Hix* v. *Gulley,* 124 *Ga.* 547 (52 S. E. 890), it is said: "When the court provisionally admits evidence on the statement of counsel that he will subsequently supply a defect in the preliminary proof necessary to its admission, it is not for the judge of his own motion to determine whether such defect has been supplied and rule out the evidence, without a request to that effect from the other party."

(*b*) Special grounds 2 and 3: The second ground complains of the admission in evidence, over objection of the claimant, of a note and mortgage for $75, dated April 7, 1932, for the purchase-price of some of the mules involved in the claim. The note was signed by G. L. Webb, and duly recorded. The objection was that the note was immaterial and irrelevant, and its execution not proved. This assignment of error is unsound. It tended to show, by inference, at least, that the property described therein was purchased and paid for by the defendant in fi. fa. The instrument having been recorded, the contention that its execution was not proved is without merit. Moreover, we think the evidence of the seller proved its execution. As to ground 3, the objection is directed to the admission of a note signed by G. L. Webb to J. B. Oakes, dated October 28, 1936, for $50, covering the purchase-price of the mules described therein. As best we can gather from the record, this was a copy of the note. The claimant had been served with a notice to produce the note, but failed to do so. Under the record the copy of the note was admissible. From all the evidence, including the description of the property in the notes and the levy, the jury were authorized to infer the property subject. This ground is without merit.

(*c*) Grounds 4, 5, 6, 7, 8, and 9 urge error because of certain excerpts from the charge. We will not deal with these grounds separately, since counsel for neither side does so. Suffice it to say that the assignments of error go to the consideration which the jury might draw from the dominion, possession, and use of the property in question by the defendant in fi. fa, and the acquiescence of the claimant (the defendant in fi. fa. and the claimant being

husband and wife), and the inferences which the jury might draw from the evidence relating thereto. The attorney for the claimant earnestly insists that the charge was not adjusted to the facts. It is contended that this is particularly true since, as claimant contends, possession prior to the rendition of the judgment is not in any sense illustrative of who owned the property at and since that time. No law is cited to sustain this position. We are of the opinion that the purchasing of property, and the exercising of dominion over it in the way of possession and use prior to the rendition of the judgment, is admissible, at least as a circumstance, and that the jury may consider this along with all the other evidence in the case, in determining who was the owner of the property at the time of the levy. Particularly is this true in the instant case where the evidence tended to show, even from the testimony of the claimant herself, that the defendant in fi. fa. purchased the property himself, used it as his own (so far as the public was concerned), and used the land of the plaintiff as his own, with her permission (so far as the public was concerned), and since the evidence tended to show from the testimony of the claimant herself that there had been no change in this respect in the manner in which the defendant in fi. fa. used the property in question from the time they were married up and until the date of the levy. It is further contended, in this connection, that the court misstated the contentions of the parties and misstated the law applicable to the evidence regarding inferences which might be drawn from possession and use by the defendant in fi. fa prior to and at the time of the levy. We have considered all of these contentions in the light of the evidence and the full charge of the court, and while we think there are perhaps inaccuracies and inapt statements, on the whole, under the facts as made by the evidence, as applied to the entire charge of the court and the entire record, it is our opinion that there is no reversible error for any of the reasons assigned in these grounds.

(*d*) What we have said above applies to the error assigned in ground 10 to the effect that the charge of the court was that if credit was extended on the apparent ownership of the property by the defendant in fi. fa., with the permission of the claimant, the jury would be authorized to find the property subject. There was some evidence to sustain this view and authorize this charge. There is no merit in this ground.

(*e*) Special ground 11 complains because the court failed to charge that the jury might find some of the property subject and some not subject. Under the record of this case, if the claimant desired more specific instructions on this ground he should have requested the court to charge in this connection. Moreover, we think the evidence sustains the verdict in finding the entire property subject to the respective writs. There were two cases tried together. One on a mortgage-foreclosure fi. fa., and the other on a common-law fi. fa. We think that the reasonable interpretation of the agreement between counsel for both parties for the cases to be tried together, and the verdict rendered, is, that the verdict to the effect that the property levied on under each fi. fa. was subject to the fi. fas. respectively.

(*f*) Ground 12: Error is assigned in this ground for the reason that after the jury had deliberated for some time, the foreman sent a request to the court for forms of verdicts. The court, after consulting with counsel for the parties, instructed the officer attending the jury to inform them that they might return to the courtroom when they had agreed upon a verdict and announce their verdict orally, and the court would then put it in proper form. Shortly thereafter the jury returned to the court room and the court inquired of them if they had reached a verdict. The foreman announced that they had. He was directed by the court to announce the same, whereupon the foreman stated: "We want the man paid for his goods." The court then inquired if they meant they found the property subject. The foreman replied that they did. The court then instructed counsel for the plaintiff to write out a verdict in favor of the plaintiff finding the property subject, and that the levy proceed. This was done and the foreman signed this verdict. Error is assigned because (a) the verdict did not cover the issue made by the pleadings,—it was not a verdict for either the plaintiff or the claimant; and (b) in effect the court directed a verdict for the plaintiff. In the charge, the court properly instructed the jury as to the correct forms of verdicts in a finding for either party. This ground shows no reversible error.

(*g*) The substance of the assignment of error under ground 13 is that the plaintiff assumed the burden of proof and his attorney, in the opening argument, referred to certain decisions upon

which the plaintiff relied. After this opening argument, counsel
for the claimant proceeded with his argument and submitted cer-
tain decisions to the court, upon which he relied, and thereafter he
completed his argument to the jury. Whereupon the attorney for
the plaintiff began his concluding argument. In the concluding
argument he called the court's attention to certain decisions which
had not been mentioned in the opening argument, and which had
not been submitted to counsel for the claimant. At this point
counsel for the claimant interposed an objection to counsel for the
plaintiff submitting additional authorities to the court, for the
reason that such additional authorities had not been submitted to
counsel for the claimant and the decisions were inapplicable, and
that counsel for the claimant should have the right to reply in
argument to the court concerning such additional authorities. The
court stated that he wanted to hear whatever authorities counsel
for the plaintiff wished to submit. It is contended that counsel
for the plaintiff read these additional authorities to the court in a
loud voice, and after having done so walked over to the jury and
stated: "You have just heard me read to the court that where
a wife allows her husband to take title into her husband she is
bound by it." It is further alleged that when counsel for the
claimant arose to object as above stated, the court ordered him to
sit down. Error is assigned on the incident above related because
it was harmful and prejudicial error for the court (a) to refuse
counsel for the claimant an opportunity to complete his objec-
tion; and (b) to tell counsel in the presence and hearing of the
jury to sit down, that he wanted to hear from the plaintiff; (c) to
fail and refuse to give counsel for the claimant an opportunity to
reply to such argument; and (d) that such argument of counsel
for the plaintiff was harmful, inflammatory, and prejudicial, and
was not adjusted to the law of the case or the evidence. It is the
general practice in a case that counsel be required to submit au-
thorities upon which he expects to rely to the opposite party before
the closing argument. This practice is to give the opposite party
an opportunity, if he so desires, to discuss the principles thus
relied on with the court. If counsel making the concluding argu-
ment submits any authority to the court, which was not previously
submitted to counsel for the opposite party, it is proper, and, in so
far as the writer knows from his experience on the bench as a

trial judge, the practice, to give the attorney on the opposite side an opportunity to discuss these additional decisions with the court. However, we do not think it proper, or the practice, for opposing counsel to interrupt the argument before the termination of the concluding argument and insist upon such right during the concluding argument, unless the court deems it proper. It is within the discretion of the court as to whether any additional authorities may be submitted to the court, and at what time the opposing counsel may reply thereto. It is evident from the substance on which this assignment is based, that the court desired to hear from counsel for the plaintiff concerning these additional authorities, and did not desire, at the time the objections were interposed, to hear from opposing counsel in reply at that time. After the concluding argument was finished, counsel for the claimant did not renew his request, or make any further or other objection or request as to what had taken place during the colloquy. If he had done so we are quite sure that the court would have heard from him, and if the court had not heard from him, if the refusal of the court had been prejudicial and harmful, and had resulted in according counsel for the plaintiff an undue advantage in his concluding argument, we would have considered reversing the case on this ground; but under the facts as contained in this ground, there is no reversible error.

The court did not err in overruling the motion for new trial for any of the reasons assigned.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*