### 18713. DAVIS v. HOMER LUMBER COMPANY.

MOBLEY, Justice. 1. A petition, seeking cancellation of a security deed and injunction against a sale under power contained therein, alleging that the indebtedness has been paid in full, and that the petitioner is the holder of a' junior security deed, is, as against general demurrer, sufficient to set forth a cause of action for the relief prayed for. *Perry v. Gormley*, 183 *Ga.* 757 (1) (189 S. E. 850).

2. Facts resting peculiarly within the knowledge of the opposite party may be alleged in general terms. *Atlanta Trust Co.* v. *National Bondholders Corp.*, 188 *Ga.* 761, 770 (4 S. E. 2d 644); *Allen* v. *Allen*, 196 *Ga.* 736, 747 (7) (27 S. E. 2d 679); *Mu Chapter Building Fund* v. *Henry*, 204 *Ga.* 846, 852 (51 S. E. 2d 841, 7 A. L. R. 2d 431); *Beebe* v. *Smith*, 76 *Ga. App.* 391 (2) (46 S. E. 2d 212).

3. In the present case, allegations that the indebtedness has been paid in full, and that the grantee in the senior security deed admitted in the presence of named persons that the grantor did not owe him anything, having reference to facts resting peculiarly within the knowledge of the opposite party, are sufficient as against special demurrer calling for additional information, for the reason that other circumstances in connection with the alleged admission would only go to the weight of the evidence.

4. The remaining assignments of error, based upon rulings on special demurrer, not having been argued in this court, will be treated as abandoned. *Anglin* v. *Anglin*, 209 *Ga.* 823 (2) (76 S. E. 2d 498).

5. Applying the above principles to the pleadings in the present case, the trial court did not err in overruling the demurrers to the petition, and in refusing to dissolve a temporary restraining order.

6. Since it does not appear from the transcript of the record that the grantor in the security deeds was served, or that he made any appearance in the trial court, and since he was not made a party plaintiff or defendant in error in the bill of exceptions, his rights are not affected by any of the above rulings.

*Judgment affirmed. All the Justices concur.*

SUBMITTED SEPTEMBER 17, 1954—DECIDED OCTOBER 14, 1954.

*Jack F. Broyles, J. Hugh Rogers,* for plaintiff in error.
*Bates Block,* contra.