36662.   FARR *v.* McCOOK.

DECIDED MAY 17, 1957.

*Smith & Undercofler,* for plaintiff in error.

*Fort & Fort,* contra.

FELTON, C. J. ■ Without delving into the niceties of definition whether the action of the parties was a compound novation, a partial abandonment or a partial rescission and new contract,

the legal effect of the parties' action is clear. We think that the effect of such action was a partial rescission of the general contract between the defendant and Lucas and a new contract as to the electrical work between the plaintiff and the defendant. There can be a partial rescission of a contract by mutual assent of the parties. *Rushton* v. *Hall & Brown Woodworking Machine Co.,* 26 *Ga. App.* 370 (106 S. E. 196); *Dowling* v. *Southwell,* 95 *Ga. App.* 29 (1) (96 S. E. 2d 903). And mutual consent of the parties is sufficient consideration. *Hardy* v. *Maddox,* 72 *Ga. App.* 707, 711 (34 S. E. 2d 903); *Vlass* v. *Walker,* 86 *Ga. App.* 742, 745 (72 S. E. 2d 464); *Tucker* v. *Baker,* 88 *Ga. App.* 580 (77 S. E. 2d 92).

Even if the original contract had been under seal, which is not shown, oral partial rescission can be had where, as here, the rescinding contract has been executed. *Johnson* v. *Worthy,* 17 *Ga.* 420 (2).

■ Contrary to the defendant's contention, Mr. Lucas was not a necessary party to this action, since the partial release operated to discharge him as to the electrical work called for under his general contract. Code § 20-905. *Dowling* v. *Southwell,* 95 *Ga. App.* 29, supra (2).

■ The special demurrer that the plaintiff failed to set out the new specifications in his petition is without merit because the plaintiff alleged that a copy of these specifications was not in his possession but was either in possession of the defendant or was available to him. See *Mu Chapter Building Fund* v. *Henry,* 204 *Ga.* 846, 852 (51 S. E. 2d 841, 7 A. L. R. 2d 431); *Davis* v. *Homer Lumber Co.,* 211 *Ga.* 144 (2) (84 S. E. 2d 59).

■ It is contended by the defendant that the plaintiff bases his cause of action on an express contract but seeks to recover on quantum meruit. This contention is without merit. The contract between the plaintiff and defendant was that the defendant would pay the difference between the $1,798 called for by the old electrical specifications and the amount the new specifications would require. In order to show what the work under the new specifications cost, the plaintiff attached to his amended petition a very detailed account of the materials furnished and work performed and it was attached for the purpose of showing the con-

tract price and not attached to the petition for the purpose of showing quantum meruit.

The court did not err in overruling the demurrers.

*Judgment affirmed. Quillian and Nichols, JJ., concur.*