40918.   CANAL INSURANCE COMPANY v. TATE.

DECIDED FEBRUARY 25, 1965—REHEARING DENIED
MARCH 22, 1965.

*Fulcher, Fulcher, Hagler & Harper, E. D. Fulcher,* for plaintiff in error.

*Randall Evans, Jr.,* contra.

FRANKUM, Judge. ■ The exception to the overruling of the general demurrer has been abandoned.

■ The special demurrer attacks the failure of the plaintiff

to attach a copy of the insurance contract to the petition. *Code* § 81-105 (Ga. L. 1887, p. 64) provides, in part, that "copies of contracts . . . should be incorporated in or attached to the petition in all cases in which they constitute the cause of action, or the relief prayed for must be based thereon. In suits to recover money on an insurance policy it shall be necessary to attach a copy of only what appears upon the face or in the body of the policy. . ." This requirement, however, is met when the contents or provisions of the contract are substantially set forth in the declaration or when the terms of the contract are set forth in the petition. *Southern Land &c. Corp. v. Davis & Floyd Engineers,* 109 Ga. App. 191, 198 (3 a) (135 SE2d 454) and cases cited. In the case sub judice the relevant provisions of the contract are quoted in the petition, therefore the requirement of *Code* § 81-105 was met under the above rule.

A more compelling reason for overruling the demurrer is that the petition alleged that the insurance contract was in the exclusive control and possession of the insurer and the insured. "Facts resting peculiarly within the knowledge of the opposite party may be alleged in general terms [cases cited]." *Davis v. Homer Lumber Co.,* 211 Ga. 144 (2) (84 SE2d 59) ; *Farr v. McCook,* 95 Ga. App. 749, 751 (3) (98 SE2d 584); *Fidelity & Deposit Co. of Maryland v. Fine,* 56 Ga. App. 729, 736 (194 SE 58) ; *Roadway Exp., Inc. v. Jackson,* 77 Ga. App. 341 (4) (48 SE2d 691). In *Glover v. Maddox,* 98 Ga. App. 548, 557 (2) (106 SE2d 288), it was held that, where a petition alleged that the plaintiff was not a party to the contract and the contract was in the defendant's possession, it was not necessary to attach a copy of the contract. The court did not err in overruling the special demurrer to the petition.

■ Ground 1 of the amended motion for a new trial complains of the admission of the following documentary evidence over the objection of movant. The documents included a copy of a suit instituted by the plaintiff in the case against Robert Evans in the Superior Court of Baldwin County, Ga., referred to in the petition; a purported copy of the judgment of the court in said case, which recited that a jury had returned a verdict in favor of Wesley Tate against Robert Evans for $10,000; a fieri

facias in favor of the plaintiff against Robert Evans in said case; and a copy of the process issued in said case. All of the documents mentioned above, except process and return of personal service thereon, were certified to by the Clerk of the Superior Court of Baldwin County, Ga., without the clerk's seal. The exceptions to the above documents were: (a) That the policy of insurance issued by the defendant was issued, not to Robert Evans, but to Robert Evan, and that there was no showing that Robert Evans and Robert Evan were one and the same; (b) that the purported certified copy of the proceedings in the case referred to did not include any verdict as alleged in paragraph 11 of the petition; (c) that the execution does not show a nulla bona return as alleged in paragraph 12 of the petition; and (d) that the certificate as to the correctness of the petition, judgment and execution was insufficient in that there was no seal of the clerk executing the certificate.

The court did not err in admitting the foregoing described documents in evidence over the objections made. With respect to the first objection, it is sufficient to say that it was necessary in order for the plaintiff to recover in this action to prove first that he had obtained the judgment, and secondly, that this judgment was against the defendant's insured based on a cause of action covered by the policy. Obviously, he could not prove all facts upon which his right of recovery depended at one and the same time. Generally, the order in which evidence is to be introduced is within the discretion of the court. *White v. Wallen,* 17 Ga. 106 (1). While, under certain circumstances, evidence as to one aspect of the plaintiff's case might not be admissible until the foundation therefor had been laid by the introduction of other evidence, this is not such a case, and it was proper for the trial court to allow the plaintiff to introduce this evidence, even though it might have been subject to a later objection and motion to strike on the ground of irrelevancy, if not properly connected with the defendant by a showing that the judgment was in fact obtained against its insured. See *McCurdy v. Terry,* 33 Ga. 49 (1), and *Webb v. Biggers,* 71 Ga. App. 90, 91 (2a) (30 SE2d 59). While the evidence objected to on the ground stated in (a) above, should, perhaps, have been admitted only condi-

tionally, even though admitted in the first instance without qualification, it was, nevertheless, subject to later being excluded on motion unless properly connected up with the defendant. The evidence, as will be pointed out hereafter, was sufficient to authorize the jury to connect this evidence with the defendant, and no error in the admission of these documents over the objection stated in (a) appears.

The court did not err in admitting a certified copy of the record referred to because there was no verdict included. The certified copy of the judgment stated that it was based on a verdict of a jury, and it is presumed that it was so based. Under the terms of the policy, only a legal judgment against the insured need be shown. If the judgment was illegal for any reason, it was incumbent on the insurance company to prove it. The court did not err in admitting the certified copy of the record above shown because there was no return of nulla bona upon the execution. The plaintiff testified that the judgment had not been paid to him by anybody and this testimony is sufficient for the purposes of this action. The fact that the seal of the clerk was omitted from his signature did not affect the authentication. *Code* § 38-601. The plaintiff in error concedes that the seal of the clerk of the court is not required or necessary in order to give authenticity to documents certified and issued by him. Its only contention is that where there are two separate documents and it appears in the clerk's certificate to one of them that the clerk had a seal, the certificate of another document, not bearing a seal, is insufficient to constitute a legal certification. This contention is without merit.

■ Ground 2 of the amended motion for a new trial complains because the court refused to allow William Landreth, a witness for defendant in this case, to answer by deposition two questions: (1) "With reference to notices of cancellation sent out by Canal Insurance Company for default in premium payment or for nonpayment of premium, do you have any connection with such?" (2) "I show you defendant's Exhibit 6, a notice of cancellation, and ask if you've ever see that before?" This ground of the motion shows that if the witness had been permitted to answer these questions, he would have answered

them as follows: "As Office Manager of Canal Insurance Company, on December 2, 1959, I deposited in the United States Post Office in Greenville, South Carolina, cancellation notices of Canal Insurance Company to Robert Evan of Milledgeville, Georgia and to the City Clerk of Milledgeville, Georgia, a notice of cancellation of policy of the Canal Insurance Company, No. 348373, issued to Robert Evan of 230 East Gwinnett Street, Milledgeville, Georgia, with the cancellation to become effective on December 29, 1959, and that these envelopes in which these notices were mailed contained return addresses of the Canal Insurance Company and that these envelopes have never been returned to the Canal Insurance Company." The court excluded this answer over the contention of the movant that the testimony was material to the issues involved in the case and would have tended to establish the fact that its policy of insurance issued to "Robert Evan" had been canceled by the sending of a notice, and the actual receipt by "Robert Evan" of such notice of cancellation. The policy provided that it might be canceled by the mere mailing by the company of a notice to that effect addressed to the insured at the address shown in the policy. This is a legal and permissible method which may be used by insurance companies to cancel policies, where the policy so provides, and proof of cancellation in such cases may be shown by evidence of a strict compliance with the provisions of the policy respecting the mailing of such notice. *Chambers v. Washington Nat. Ins. Co.,* 66 Ga. App. 509, 511 (17 SE2d 899); *New Amsterdam Cas. Co. v. Russell,* 102 Ga. App. 597, 600 (2) (117 SE2d 239). However, this provision of the policy is merely permissive to the company and does not exclude the right of the company to effect a cancellation by some other method such as the giving of actual notice of cancellation to the insured. This may be shown by the introduction of evidence showing that the company mailed or sent a notice to the insured which was in fact received by him. Thus, cancellation of the policy may also be shown by the introduction of evidence that the insured actually received the notice of cancellation, though not addressed in accordance with the requirements of the policy. *Bankers Mutual Cas. Co. v. Peoples Bank of Talbotton,* 127 Ga. 326 (1) (56 SE 429); *Puryear v. Farmers Mut. Ins. Asso.,* 137 Ga. 579 (2) (73 SE 851).

In the absence of affirmative evidence that it was not received, evidence that a letter was properly addressed, and mailed with sufficient postage affixed will authorize an inference that it was afterwards received by the addressee in due course of mail. *Hodges v. Planters &c. Fire Assn.*, 37 Ga. App. 203, 204 (2) (139 SE 362). Such an inference would be even more strongly supported where, as in this case, the evidence offered regarding the posting of the notice goes further and shows that the envelope in which the notice was mailed had a proper return address thereon and that it had not been returned by the post office to the company. But, in order to raise the presumption above referred to, it is essential that all of the elements of the mailing be shown, that is, that the letter was written, properly addressed, *stamped or postage affixed,* and mailed. *Rawleigh Medical Co. v. Burney,* 25 Ga. App. 20 (1) (102 SE 358); *Palmer-Murphy Co. v. Rawlings,* 35 Ga. App. 196 (132 SE 646); *Cheeves v. Ayers,* 43 Ga. App. 454, 455 (159 SE 299); *Prudential Ins. Co. of America v. Franklin,* 51 Ga. App. 496 (1) (180 SE 869). In this case the showing, as set forth in the ground of the motion for a new trial, as to the answer expected of the witness, wholly failed to show that postage was affixed to the envelopes containing the notices of cancellation. While this ground contains, as an exhibit thereto, documentary evidence also excluded by the court (to which ruling there is no exception in this record, see, *Allstate Ins. Co. v. Buck,* 96 Ga. App. 376, 100 SE2d 142) which, if it had been admitted by the court and explained, might tend to show that postage was affixed to the envelopes, this evidence not having been admitted by the court, it therefore cannot supply the deficiency. Under these circumstances, the exclusion of this evidence was not reversible error.

■ Ground 3 of the amended motion for a new trial complains that the court refused to allow a witness for the insurance company to testify whether or not Robert Evan promptly paid a certain premium installment on the insurance policy. Even if the witness had been permitted to answer the question and if the answer had shown that the premium installment was in default, the testimony would not have benefited the insurance company for the reason that there was, as pointed out in the preceding

division of this opinion, no evidence that the policy was duly canceled by a notice mailed to the insured in accordance with the contract.

■ Special ground 4 of the amended motion for a new trial complains of the direction of the verdict returned in favor of the plaintiff. As previously stated in Division 3 of the opinion, the plaintiff had the burden of proving that he held a judgment against the defendant's insured. Under the evidence it may be said that the proof was sufficient to demand a finding that the plaintiff held a judgment for personal injuries against "Robert Evans," a colored taxicab driver, who, it appeared, inflicted the injuries upon the plaintiff by striking him with a Plymouth automobile while it was being operated by the said "Robert Evans" as a taxicab in Baldwin County, Ga. However, the evidence adduced on the trial showed no more than that the defendant had issued an automobile liability insurance policy to *Robert Evan* covering a Plymouth automobile operated by the said *Robert Evan* as a taxicab in the city of Millegeville. Assuming that, as contended by the defendant in error, this presents an example of idem sonans and that the court was authorized to so hold as a matter of law, this, nevertheless, did not dispose of the issue of the identity of the person, that is, whether the names "Robert Evan" and "Robert Evans," in fact, referred to one and the same person. This was the true issue in the case. *Chapman v. State,* 18 Ga. 736, 738 (1); *Gresham v. State,* 216 Ga. 106, 109 (5) (115 SE2d 191); *Lovett v. State,* 9 Ga. App. 232 (1, 2) (70 SE 989); *Dees v. State,* 41 Ga. App. 321, 322 (152 SE 913).

When the plaintiff alleged in his original petition that at all times material to his suit Robert Evans of Baldwin County, Ga., and his Plymouth automobile were insured against liability by the defendant and that this same Robert Evans was the person who injured the plaintiff, he said in effect "deny this and I'll prove it." *Supreme Lodge v. Crenshaw,* 129 Ga. 195 (58 SE 628, 13 LRA (NS) 258, 121 ASR 216, 12 AC 307). The defendant did deny this allegation, and the burden was thus placed upon the plaintiff to prove it. While the evidence may be said to have been sufficient to show that under the doctrine of idem

■

sonans the names of the defendant's insured and the plaintiff's judgment debtor were the same, *Webb v. State,* 149 Ga. 211 (1) (99 SE 630), this still did not dispose of the true issue in the case, which was the identity of the person, and the jury would have been authorized to find from the bare circumstances evidenced by the difference in the spelling of the names that the defendant's insured and the plaintiff's judgment debtor were not the same person.

Clearly, the evidence in this case did not constitute direct evidence as to the identity of the defendant's insured, "Robert Evan," and the plaintiff's judgment debtor "Robert Evans" as one and the same person, but was only circumstantial evidence tending to point to the conclusion that the names referred to one and the same person. It cannot be said, however, that this evidence would not have authorized a jury to make a contrary finding, for it is common knowledge that there may be in any one locality more than one person bearing the same name. And the jury would be further authorized to find that it is not beyond the realm of probability that there would also be two such persons who were colored taxicab drivers operating Plymouth automobiles. Under these circumstances, there were conflicting inferences which a jury would have been authorized to draw from the evidence and to find that the plaintiff had failed to carry the burden of proof resting upon him.

While the judge is authorized to direct a verdict for the party entitled thereto "where there is no conflict in the evidence, and that introduced, with all reasonable deductions or inferences therefrom, shall demand a particular verdict," (*Code Ann.* § 110-104), it is error for him to direct a verdict in any case where the evidence as to any material fact is in conflict or where the circumstantial evidence does not demand a particular verdict. *Dixon v. Bristol Savings Bank,* 102 Ga. 461, 468 (2) (31 SE 96, 66 ASR 193); *Portwood v. Bennett Trading Co.,* 184 Ga. 617, 618 (1) (192 SE 217); *Jones v. Smith,* 206 Ga. 162, 166 (10) (56 SE2d 462); *Corcoran v. Merchants &c. Trans. Co.,* 1 Ga. App. 741, 743 (57 SE 962). It is only in a case where reasonable men may not differ as to the inferences to be drawn from the evidence that it is proper to direct a verdict. See *Southern Pa-*

*cific Co. v. DiCristina,* 36 Ga. App. 433, 439 (137 SE 79). The resolution of the conflicting inferences as to the identity of "Robert Evan" and "Robert Evans," which were authorized to be drawn from the evidence in this case, was a matter solely for the jury, and the trial court erred in directing a verdict for the plaintiff. See also *Swicard v. Hooks,* 85 Ga. 580 (3) (11 SE 863); *Shuler v. State,* 125 Ga. 778, 781 (2) (54 SE 689).

*Judgment reversed. Bell, P. J., Hall, Eberhardt, Russell and Pannell, JJ., concur. Felton, C. J., Nichols, P. J., and Jordan, J., dissent.*

FELTON, Chief Judge, dissenting. I concur in all of the rulings of the majority except that in Division 6. I dissent from that ruling and from the judgment. The circumstantial evidence as to the identity of the party who injured the plaintiff is undisputed. It showed that the insurance company issued a policy of insurance to Robert Evans, a colored taxi driver living in Milledgeville, Baldwin County, Ga., and that Robert Evans, a colored man ran over the plaintiff in Milledgeville, Ga. It also appeared that the policy was upon a Plymouth automobile. These facts were sufficient at least to show prima facie that Robert Evans was the person to whom the policy of insurance was issued and that he was the person who injured the plaintiff. If the jury had rendered any other verdict under the above evidence I think it would have had to be reversed. *Code* § 38-304 provides: "Concordance of name alone is some evidence of identity. Residence, vocation, ownership of property and other like facts may be proved. Reasonable certainty is all that can be required. In civil suits parties are generally relieved from the onus of proving identity, as it is a fact generally more easily disproved than established." I think that this Code section fits this case like a glove. The plaintiff proved every circumstance mentioned in it which goes to show identity. I think the plaintiff made out a prima facie case which demanded a verdict for the plaintiff in the absence of a counter showing by the defendant.

I am authorized to state that Nichols, P. J., and Jordan, J., concur in this dissent.